995 F.2d 1068
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Charles WARD, Plaintiff-Appellant,
v.
Miklos SZYLAGYI, and others unknown, in individual and
official capacities; Rick L. Boyd, and others
unknown, in individual and official
capacities, Defendants-Appellees.
 No. 92-2430.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1993.
 
 1
 Before: GUY and SUHRHEINRICH, Circuit Judges; and DOWD, District Judge.*
 
 ORDER
 
 2
 Michael Charles Ward, a frequent litigator with this court, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Ward essentially argues he was arrested and search warrants were issued without probable cause. He also requests the appointment of counsel.
 
 
 4
 Initially, it should be noted that Ward has abandoned claims one through four listed above on appeal. Because he has abandoned these claims on appeal, they are not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986). These claims are nonetheless frivolous.
 
 
 5
 Upon review, we conclude that there is no genuine issue of material fact and defendant Boyd was entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Furthermore, the district court did not abuse its discretion in dismissing the case against defendant Szylagyi pursuant to 28 U.S.C. § 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Ward failed to present any claim with an arguable or rational basis in law or in fact against this defendant. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Ward's claims are clearly barred under Michigan's doctrine of collateral estoppel. See Knoblauch v. Kenyon, 415 N.W.2d 286, 288 (Mich.Ct.App.1987).
 
 
 6
 Accordingly, we deny Ward's request for counsel and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Court for the Northern District of Ohio, sitting by designation