KNOBLAUCH v KENYON

Docket No. 92418. Submitted March 17, 1987, at Lansing. Decided
October 19, 1987.

Gerald Knoblauch was tried for first-degree criminal sexual con-
duct and was represented by William Kenyon. Following his
conviction, Knoblauch moved for a new trial, alleging ineffec-
tive assistance of counsel and the existence of new evidence.
The trial court granted the motion on the ground that defense
counsel should have introduced a doctor's report indicating that
there was no medical evidence that the victim had been sexu-
ally penetrated. On a subsequent prosecutorial motion, the trial
court vacated the order granting a new trial and entered a
conviction of second-degree criminal sexual conduct. Knoblauch
appealed and the Court of Appeals affirmed, *People v Knob-
lauch,* unpublished opinion per curiam, decided December 27,
1984 (Docket No. 73750), holding that Knoblauch was not
denied effective assistance of counsel. Knoblauch brought a
legal malpractice action against Kenyon in the Lenawee Circuit
Court. Defendant answered with a denial. He moved to amend
his answer to assert the affirmative defense of collateral estop-
pel, which was granted. The court subsequently granted defen-
dant's motion for summary disposition based on the collateral
estoppel defense, Michael H. Cherry, J. Plaintiff appealed.

The Court of Appeals *held:*

1. Since there is no requirement that the affirmative defense
of collateral estoppel be raised in a party's first responsive
pleading, the court has authority to grant permission to amend
the responsive pleadings to add the defense.

2. Where a full and fair determination has been made in a
previous criminal action that the client received the effective
assistance of counsel, the defendant-attorney in a subsequent

REFERENCES

Am Jur 2d, Attorneys at Law §§ 197 *et seq.*

Am Jur 2d, Judgments §§ 394 *et seq.*

Am Jur 2d, Pleading §§ 306 *et seq.*

See the annotations in the Index to Annotations under Collateral
Estoppel.

See the annotations in the Index to Annotations under Pleadings.

civil malpractice action brought by the same client may defensively assert collateral estoppel as a bar.

Affirmed.

1. PLEADING — COLLATERAL ESTOPPEL — TIMELINESS — COURT RULES.

Since there is no requirement that the affirmative defense of collateral estoppel be raised in a party's first responsive pleading, the court has authority to grant permission to amend the responsive pleadings to add the defense (MCR 2.116[C][7], 2.116[D][2], 2.118).

2. ATTORNEY AND CLIENT — LEGAL MALPRACTICE — COLLATERAL ESTOPPEL.

Where a full and fair determination has been made in a previous criminal action that the client received the effective assistance of counsel, the defendant-attorney in a subsequent civil malpractice action brought by the same client may defensively assert collateral estoppel as a bar.

*Thomas L. Stringer, P.C.* (by *Thomas D. Yannitelli*), for plaintiff.

*Miller, Canfield, Paddock & Stone* (by *Allyn D. Kantor* and *Kay Holsinger*), for defendant.

Before: MACKENZIE, P.J., and BEASLEY and E. A. QUINNELL,* JJ.

MACKENZIE, P.J. In this legal malpractice action, plaintiff appeals as of right from an order granting summary disposition in favor of defendant attorney pursuant to MCR 2.116(C)(7). We affirm.

Plaintiff was charged in January, 1983, with first-degree criminal sexual conduct, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), for penetrating with his finger a person under thirteen years of age. Defendant was appointed to serve as defense counsel. Following a bench trial, plaintiff was found guilty as charged.

Plaintiff released defendant as his attorney and

* Circuit judge, sitting on the Court of Appeals by assignment.

moved for a new trial, claiming ineffective assistance of counsel and the existence of new evidence. At the conclusion of an evidentiary hearing at which both plaintiff and defendant testified, the trial court granted the motion on the ground that defense counsel should have introduced a doctor's report indicating that there was no medical evidence that the victim had been sexually penetrated. On a subsequent prosecutorial motion, the trial court vacated the order granting a new trial and entered a conviction of second-degree criminal sexual conduct. Plaintiff was sentenced to six months in jail and four and one-half years probation.

Plaintiff appealed to this Court (*People v Knoblauch,* unpublished opinion per curiam, decided December 27, 1984 [Docket No. 73750]), arguing, inter alia, ineffective assistance of counsel under the bifurcated test of *People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976). Specifically, plaintiff claimed three errors which denied him effective assistance of counsel: (1) defense counsel's failure to request a *Walker* hearing [*People v Walker (On Rehearing),* 374 Mich 331; 132 NW2d 87 (1965)]; (2) his failure to engage in complete discovery; and (3) his advice that plaintiff waive the right to a jury trial. This Court concluded that plaintiff was not denied effective assistance of counsel. The panel stated that "[t]he evidence adduced at trial was strong in supporting [plaintiff's] conviction; a different result was not probable had defense counsel performed the tasks [plaintiff] claims should have been done." The panel further noted that, even if plaintiff had been arguably denied effective assistance of counsel, the trial court negated the effect of any ineffectiveness by entering a conviction of second-degree criminal sexual conduct. The Supreme Court denied leave. 422 Mich 961 (1985).

On April 18, 1985, plaintiff filed the instant legal malpractice action asserting essentially the same grounds as had been raised in his ineffective assistance of counsel claim. Defendant answered in pro per, denying the allegations. Approximately one month later, his retained counsel filed an amended answer asserting collateral estoppel as an affirmative defense. Defendant then moved for summary disposition pursuant to MCR 2.116(C)(7), based on the collateral estoppel defense. The trial court granted the motion. The court initially found that defendant's failure to plead collateral estoppel as an affirmative defense in his first responsive pleading did not make the defense untimely. Addressing the merits of the motion, the court then concluded that the standards for determining ineffective assistance of counsel and malpractice were essentially the same and that, because the matter in dispute had been previously decided in the criminal matter and again on appeal, collateral estoppel barred relitigation of the issue.

Plaintiff raises both procedural and substantive issues on appeal. Procedurally, he contends that the trial court erred in deciding the merits of defendant's motion, since the affirmative defense of collateral estoppel was not raised in defendant's first responsive pleading. We disagree. MCR 2.116(D)(2) requires that the grounds for a motion under MCR 2.116(C)(7) asserting that a plaintiff's claim is barred must "be raised not later than a party's responsive pleading." "[T]here is no requirement that these grounds be raised in the party's 'first' responsive pleading. Thus, they are subject to the court's authority to grant permission to amend the [answer] to add the defense under MCR 2.118." 1 Martin, Dean & Webster, Michigan Court Rules Practice, p 300. This result is consistent with cases examining GCR 1963, 116.1, the

predecessor to MCR 2.116(D)(2). See *Harris v Lapeer Public School System,* 114 Mich App 107, 113; 318 NW2d 621 (1982); *Manufacturer's Construction Co v Covenant Investment Co,* 43 Mich App 123; 204 NW2d 54 (1972), lv den 388 Mich 810 (1972). The trial court correctly determined that defendant's motion was not procedurally defective.

Substantively, plaintiff contends that the trial court erred in finding him collaterally estopped from asserting a claim of legal malpractice. As noted by the trial court, the question whether a criminal defendant who has raised and obtained a ruling on the issue of ineffective assistance of counsel is collaterally estopped from subsequently asserting a claim of legal malpractice appears to be one of first impression in this state.

Collateral estoppel bars the relitigation of issues previously decided when such issues are raised in a subsequent suit by the same parties based upon a different cause of action. *Topps-Toeller, Inc, v City of Lansing,* 47 Mich App 720, 727; 209 NW2d 843 (1973), lv den 390 Mich 788 (1973). In order for collateral estoppel to apply, the same ultimate issues underlying the first action must be involved in the second action. The parties must also have had a full opportunity to litigate the ultimate issues in the former action. *Stolaruk Corp v Dep't of Transportation,* 114 Mich App 357, 362; 319 NW2d 581 (1982).

In this case, the trial court concluded that plaintiff's previous allegation of ineffective assistance of counsel raised "essentially the very same issues that have been raised" in the instant legal malpractice case. Noting that plaintiff had an opportunity to assert the same issues and have them reviewed under the same standards as apply in a malpractice claim, the court found that the "identity of issues" requirement for application of col-

lateral estoppel, see *Local 98 v Flamegas Detroit Corp,* 52 Mich App 297, 302; 217 NW2d 131 (1974), was satisfied. Plaintiff claims this was error. According to plaintiff, the standards for finding ineffective assistance of counsel and legal malpractice are different, and the ineffective assistance of counsel standard is more difficult for a client to meet. We disagree.

*People v Garcia,* 398 Mich 250; 247 NW2d 547 (1976), established a two-pronged test for determining whether a criminal defendant had received effective assistance of counsel. In *Garcia,* the Court adopted the reasoning in *Beasley v United States,* 491 F2d 687, 696 (CA 6, 1974), in holding that "[d]efense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law," *Garcia,* p 264, and *People v Degraffenreid,* 19 Mich App 702; 173 NW2d 317 (1969), that even if defense counsel satisfies constitutional standards defendant may still be entitled to a new trial if defense counsel makes a "serious mistake" "but for [which] defendant would have had a reasonably likely chance of acquittal." *Garcia,* p 266. The standard for legal malpractice is stated in SJI2d 30.01, Professional Negligence and/or Malpractice:

> When I use the words "professional negligence" or "malpractice" with respect to the defendant's conduct, I mean the failure to do something which [an attorney] of ordinary learning, judgment or skill in this community would do, or the doing of something which [an attorney] of ordinary learning, judgment or skill would not do, under the same or similar circumstances you find to exist in this case.
>
> It is for you to decide, based upon the evidence, what the ordinary [attorney] of ordinary learning, judgment or skill would do or would not do under the same or similar circumstances.

Plaintiff concedes that the SJI is patterned after *Garcia,* but maintains that because the test for ineffective assistance of counsel contains the extra requirement not present in a legal malpractice case—that counsel's mistake was that but for which the defendant would have had a reasonable chance for acquittal—the test for civil malpractice is a less demanding one for the client to satisfy. The argument fails for two reasons.

First, in legal malpractice cases such as the instant one, where the client's injury is not the dollar amount of a judgment entered against him in the underlying case but rather the fact that he sustained an adverse judgment, the client must also show that but for the act or omission complained of he would have been successful in the underlying case. See generally *Basic Food Industries, Inc v Grant,* 107 Mich App 685; 310 NW2d 26 (1981), lv den 413 Mich 913 (1982). This proof of damages is clearly a corollary to the second prong of the *Garcia* test.

Second, contrary to plaintiff's reading, *Garcia's* two-part test for ineffective assistance of counsel is not cumulative but disjunctive. *People v Hunter,* 141 Mich App 225; 367 NW2d 70 (1985), lv den 426 Mich 871 (1986). Thus, a criminal defendant may establish ineffective assistance of counsel even where his attorney performed at least as well as an attorney with ordinary training and skill—the measure for legal malpractice—if he can show a serious mistake which might have resulted in acquittal. If anything, in light of *Basic Food Industries,* this "two bites at the apple" approach used to establish ineffective assistance of counsel is *less* stringent for the person claiming substandard representation than the measure used in a claim of legal malpractice.

Plaintiff discerns no other distinction between

the standards applied to claims of ineffective assistance of counsel and legal malpractice, nor can we. We are satisfied that the concept behind ineffective assistance of counsel is the right to reasonably competent representation, and that "[t]he concept of reasonable competence is also the standard 'traditionally and universally employed as the measure of a lawyer's civil liability . . . .' " *McCord v Bailey,* 204 US App DC 334, 337; 636 F2d 606 (1980), cert den 451 US 983; 101 S Ct 2314; 68 L Ed 2d 839 (1981), and cases cited therein. We therefore hold that the legal standards for ineffective assistance of counsel in criminal proceedings and for legal malpractice in civil proceedings are equivalent for purposes of application of the doctrine of collateral estoppel. Accord: *McCord, supra; Johnson v Raban,* 702 SW2d 134 (Mo App, 1985).

The second requirement for application of the doctrine of collateral estoppel is the "identity of parties" in both cases. *Local 98, supra,* p 302. The circuit court ruled that "even though the defendant here, [attorney] William Kenyon, was not a party in interest by the time of the appeal of the [underlying criminal] case, . . . the issues in dispute were sufficiently identical that the commonality of the parties is not an inadmissible [sic] bar . . . ." This ruling was predicated upon the court's view "that even though the identity of the individuals was not the same in [the] criminal case as it is here, . . . the essential question is whether or not the criminal defendant, here the civil plaintiff, had an opportunity to assert the same grounds, the same grievances, and to have them weighed by an impartial body such as the Court of Appeals in this particular instance."

In *Howell v Vito's Trucking & Excavation Co,* 386 Mich 37; 191 NW2d 313 (1971), our Supreme Court reiterated that, in order to assert collateral

estoppel in this state, mutuality of estoppel must be present. Mutuality exists if a person attempting to take advantage of the earlier judgment would have been bound by it if it had gone against him. 386 Mich 43. The requirement is coextensive with the requirement of identity of parties or privity. Comment, *Mutuality of estoppel as prerequisite of availability of doctrine of collateral estoppel to a stranger to the judgment,* 31 ALR3d 1044, § 3a, p 1060. The court completely foreclosed the offensive use of collateral estoppel absent identical parties or their privies in successive civil suits, and suggested that defensive use by one not a party or privy to a party in the suit might be permissible only where one of "the well-recognized exceptions to the mutuality rule" is available to the defendant. 386 Mich 46-47, n 7. See also *Braxton v Litchalk,* 55 Mich App 708, 721; 223 NW2d 316 (1974). Those exceptions are compiled in Restatement Judgments (First), §§ 94-111, pp 467-530.

Clearly, in this case, defendant attorney was not a party in the underlying criminal case. Nor can he reasonably be considered a privy, defined as "one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase." *Howell, supra,* p 43, quoting *Bernhard v Bank of America National Trust & Savings Ass'n,* 19 Cal 2d 807; 122 P2d 892 (1942). None of the exceptions to the mutuality rule set forth in Restatement Judgments (First) applies in this case. Consequently, if the rule of *Howell* controls, the assertion of collateral estoppel was not available to defendant in this case.

Defendant offers various reasons why this Court should allow his defensive use of collateral estoppel despite the holding of *Howell.* Clearly, the trial

court in this case was of the opinion that the identity of issues should override the fact that the parties were not the same as the parties in the underlying case. In these days of congested dockets, we too find little satisfaction in strict adherence to the mutuality requirement, where, as here, the issue presented has been decided and appealed and the plaintiff has had a full and fair opportunity to litigate the question in his prior case. This collective dissatisfaction is compounded by the fact that the legal underpinnings of *Howell* have been largely eroded in the last decade. The mutuality requirement set forth in the Restatement (First) and cited in *Howell* has been dropped in Restatement Judgments (Second), §§ 27-29, pp 119-123. 1B Moore, Federal Practice, also relied upon by the *Howell* Court, now states that the states adhering to the mutuality requirement "constitute a small minority." Paragraph 0.441[3.—2], p 735. At least two of the states cited in *Howell* for their adherence to the rule have abrogated it in certain situations. See *Oates v Safeco Ins Co of America,* 583 SW2d 713 (Mo, 1979), and *Continental Can Co v Hudson Foam Latex Products, Inc,* 129 NJ Super 426; 324 A2d 60 (1974). Under *Blonder-Tongue Laboratories, Inc v University of Illinois Foundation,* 402 US 313; 91 S Ct 1434; 28 L Ed 2d 788 (1971), and *Parklane Hosiery Co, Inc v Shore,* 439 US 322; 99 S Ct 645; 58 L Ed 2d 552 (1979), one not a party or a privy may now use collateral estoppel both defensively and offensively in federal courts applying federal law.

*Howell* arose in a civil setting, where a claim alleging the defendant's negligence had been previously and successfully litigated in a civil suit, and the plaintiff sought to avoid relitigating the issue in a second civil action. It did not deal with defensive use of collateral estoppel in a criminal to

civil context, the situation in the present case. Similarly, the Restatement Judgments (First) did not consider the application of collateral estoppel in a criminal to civil context. In the Restatement Judgments (Second), however, the drafters added § 85, Effect of Criminal Judgment in Subsequent Civil Action. Section 85(2)(a) provides:

> With respect to issues determined in a criminal prosecution:
>
>           *   *   *
>
> (2) A judgment in favor of the prosecuting authority is preclusive in favor of a third person in a civil action:
>
> (a) Against the defendant in the criminal prosecution as stated in § 29. [Restatement Judgments (2d), § 85(2)(a), p 294.]

The rationale for this rule appears in comment "e" to the section:

> e. *Judgment for prosecution: preclusion in favor of third party.* . . . At an earlier period in the development of res judicata doctrine, the "mutuality" requirement was an obstacle to applying issue preclusion in favor of such a third party. That is, since the third party would not have been bound in his civil action if the prosecution had resulted in an acquittal, under the mutuality rule it would follow that the third party could not take advantage of the issue determined in a conviction. *However, long before the mutuality rule was repudiated in civil cases, well reasoned decisions had extended the rule of preclusion to operate in favor of third persons where the first action is criminal and the second is civil* . . . .
>
>   . . . The clearest situation is where the person who was convicted of an offense brings an action against the third party to assert a claim that rests on factual premises inconsistent with those established in the criminal prosecution. [Restatement

Judgments (2d), § 85, comment (e), pp 298-299.
Emphasis changed.]

Defendant cites several cases in support of comment "e," including *Lamore v Laughlin,* 82 US App DC 3; 159 F2d 463 (1947), decided twenty-four years before the mutuality requirement was abandoned by the Supreme Court in *Blonder-Tongue, supra.* In *Lamore,* the plaintiff sued his criminal appellate attorney, alleging that he had suppressed evidence that Lamore had been ineffectively represented by his trial counsel. Because the adequacy of his trial attorney's representation had been previously litigated in Lamore's habeas corpus action, the suit against the appellate attorney was dismissed. Significantly, the defendant appellate attorney was not involved in either the underlying criminal case or the habeas action.

Similarly, in *People ex rel Snead v Kirkland,* 462 F Supp 914 (ED Pa, 1978), decided before federal abrogation of the mutuality requirement, the plaintiff brought a civil action against several persons involved in a previous criminal trial, including his defense counsel. After the criminal trial, the plaintiff unsuccessfully brought posttrial motions which raised the issue of ineffective assistance of counsel. The court ruled in the civil action that the attorney's performance had been previously litigated and that reconsideration of the issue was precluded by collateral estoppel.

*Hibbett v Cincinnati,* 4 Ohio App 3d 128; 446 NE2d 832 (1982), also applied nonmutual defensive collateral estoppel in a criminal to civil context, although Ohio adheres to the mutuality requirement in a civil to civil context. In *Hibbett,* the plaintiff pled guilty in a criminal case. She then sued her criminal attorneys on the grounds that they inadequately represented her by promising

that she would receive probation. The court ruled that, since she admitted in the criminal case that no promises had been made to her, she was precluded in her civil case from alleging otherwise.

Although no Michigan cases are directly on point, there is evidence that Michigan courts have similarly repudiated the mutuality requirement in the criminal to civil context. In *Imperial Kosher Catering, Inc v The Travelers Indemnity Co,* 73 Mich App 543; 252 NW2d 509 (1977), the sole stockholders and officers of the plaintiff corporation were convicted of arson in a criminal proceeding. They then brought a civil suit to recover insurance proceeds for the burned building. Despite the fact that the defendant insurance company was not a party to the criminal case, was not in privity with the prosecution, and the relationship between the prosecution and the defendant was not within the "well recognized exceptions to the mutuality rule" set forth in Restatement Judgments (First), the defendant was allowed to use the plaintiffs' criminal conviction as evidence in the civil case.

The *Howell* Court articulated three reasons for its decision to reject nonmutual offensive estoppel in a civil to civil context: (1) in instances of several plaintiffs bringing successive actions against a single defendant, abandonment of the mutuality requirement would lead to "lopsided justice" in favor of the later plaintiffs, quoting *Nevarov v Caldwell,* 161 Cal App 2d 762; 327 P2d 111 (1958), (2) fear that abandonment would lead to increased litigation in order to avoid adverse judgment, and (3) the fact that "one contestant must be declared the loser to a competitor that he has never met," quoting *Spettigue v Mahoney,* 8 Ariz App 281; 445 P2d 557 (1968). None of these reasons obtains in

the situation where the plaintiff in a legal malpractice case has been found, in the earlier underlying criminal proceeding, to have received effective assistance of counsel. As stated in *Johnson v Raban, supra,* 702 SW2d 138:

> [P]ublic policy dictates that a person convicted of a crime who has failed in his attack upon his conviction both directly and collaterally should not be permitted to recover against his attorney in a civil malpractice action for damages allegedly arising out of the attorney's handling of his defense. It would undermine the effective administration of the judicial system to ignore completely a prior decision of a court of competent jurisdiction in this state on the same issue which plaintiff seeks to relitigate in a subsequent action.

Accordingly, we hold that, where a full and fair determination has been made in a previous criminal action that the client received the effective assistance of counsel, the defendant-attorney in a subsequent civil malpractice action brought by the same client may defensively assert collateral estoppel as a bar.

In this case, the adequacy of defendant's representation was determined at plaintiff's motion for new trial in the criminal action. Plaintiff had a full and fair opportunity to present his case. The court ultimately refused to grant a new trial on grounds of ineffective assistance of counsel after hearing testimony and argument. On appeal, the parties fully briefed the issue, and it received thorough treatment in this Court. Under these circumstances, plaintiff was collaterally estopped from again raising the issue in a legal malpractice action.

Affirmed.