BARROW v PRITCHARD

Docket No. 199849. Submitted April 6, 1999, at Detroit. Decided May 11, 1999, at 9:05 A.M. Leave to appeal sought.

Thomas J. Barrow brought an action in the Wayne Circuit Court against Clyde B. Pritchard, Edith Thomas, and Pritchard & Thomas, P.C., alleging legal malpractice with respect to the defendants' representation of the plaintiff at a criminal trial in federal district court. The circuit court, Michael J. Callahan, J., granted summary disposition for the defendants, ruling that collateral estoppel precludes the legal malpractice action in view of the federal court's denial of the plaintiff's motion for a new trial on the asserted ground of ineffective assistance of counsel. The plaintiff appealed by leave granted.

The Court of Appeals *held*:

The standard employed in assessing in a criminal proceeding a claim of ineffective assistance of counsel and the standard employed in assessing in a civil proceeding a claim of legal malpractice are equivalent for purposes of the application of the doctrine of collateral estoppel. Once a full and fair determination has been made that a plaintiff received the effective assistance of counsel, the plaintiff has had his day in court and is now collaterally estopped from again raising the same issue in the form of a claim of legal malpractice.

Affirmed.

ATTORNEY AND CLIENT — LEGAL MALPRACTICE — COLLATERAL ESTOPPEL.

A defendant-attorney in a civil malpractice action brought by a client may defensively assert collateral estoppel as a bar where a full and fair determination has been made in a previous criminal action that the same client received effective assistance of counsel.

*Elbert L. Hatchett*, for the plaintiff.

*Garan, Lucow, Miller, Seward & Becker, P.C.* (by *Thomas F. Myers, Anne K. Newcomer*, and *David M. Shafer*), for the defendants.

Before: SAAD, P.J., and MURPHY and O'CONNELL, JJ.

MURPHY, J. A grand jury returned a fifteen-count indictment against plaintiff in the United States District Court for the Eastern District of Michigan for various counts of income tax evasion, filing a false income tax return, making false statements in connection with a loan application, and bank fraud. Plaintiff retained defendants to represent him in this criminal matter, paying them approximately $200,000. Following a ten-day jury trial, plaintiff was convicted on eleven counts and acquitted on the rest. Following his conviction, plaintiff moved in the trial court for a new trial, arguing in part that he received ineffective assistance of counsel. The trial court denied the motion. Thereafter, plaintiff filed a complaint in the Wayne Circuit Court, alleging that defendants had committed legal malpractice in their representation of plaintiff in his criminal trial. Defendants moved for summary disposition pursuant to MCR 2.116(C)(7) and (10), arguing that the doctrine of collateral estoppel barred plaintiff's malpractice action because the federal court had previously denied plaintiff's motion for a new trial based on ineffective assistance of counsel. Following a hearing, the trial court granted the motion.[1] Plaintiff appeals by leave granted. We affirm.

---

[1] Defendants Pritchard and Pritchard and Thomas, P.C., and defendant Thomas moved for summary disposition separately. As a result, plaintiff's claim against defendant Thomas was disposed of by a separate order. In fact, the record reveals that plaintiff's cause of action against defendant Thomas was assigned a different lower court docket number because plaintiff was unable to serve process on defendant Thomas before the summons expired relative to the original cause of action.

Plaintiff argues that the trial court erred in concluding that the federal court's decision to deny his motion for a new trial based on ineffective assistance of counsel collaterally estopped this cause of action for legal malpractice in state court. We review de novo both a trial court's decision to grant or deny a motion for summary disposition and issues concerning the application of the doctrine of collateral estoppel. *Hawkins v Mercy Health Services, Inc*, 230 Mich App 315, 324; 583 NW2d 725 (1998); *McMichael v McMichael*, 217 Mich App 723, 727; 552 NW2d 688 (1996).

We review a trial court's decision to grant summary disposition pursuant to MCR 2.116(C)(7) by considering the affidavits, pleadings, and other documentary evidence and construing them in the light most favorable to the nonmoving party. *Alcona Co v Wolverine Environmental Production, Inc*, 233 Mich App 238; 246; 590 NW2d 586 (1998). A lower court should grant summary disposition under MCR 2.116(C)(10) when, except for the amount of damages, there is no genuine issue concerning any material fact and the moving party is entitled to judgment as a matter of law. *Id.* A court reviewing a motion pursuant to MCR 2.116(C)(10) must consider the pleadings, affidavits, depositions, admissions, and any other evidence in favor of the nonmoving party and grant the benefit of any reasonable doubt to the nonmoving party. *Id.*

"Collateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the same parties when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in the prior proceeding." *Porter v Royal Oak*, 214 Mich App 478,

485; 542 NW2d 905 (1995). Generally, mutuality of estoppel is a necessary element of collateral estoppel. *Nummer v Dep't of Treasury*, 448 Mich 534, 542; 533 NW2d 250 (1995). Collateral estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it, had it gone against him. *Howell v Vito's Trucking & Excavating Co*, 386 Mich 37, 43; 191 NW2d 313 (1971). Crossover estoppel, which involves the preclusion of an issue in a civil proceeding after a criminal proceeding and vice versa, is permissible. *In re Forfeiture of $1,159,420*, 194 Mich App 134, 145-146; 486 NW2d 326 (1992).

This Court has addressed the issue raised in this appeal on two previous occasions. In *Knoblauch v Kenyon*, 163 Mich App 712, 716; 415 NW2d 286 (1987), a panel of this Court examined "whether a criminal defendant who has raised and obtained a ruling on the issue of ineffective assistance of counsel is collaterally estopped from subsequently asserting a claim of legal malpractice." The plaintiff argued that the standards for ineffective assistance of counsel and legal malpractice are different, contending that the standard for finding ineffective assistance of counsel is more difficult for a client to establish. However, in concluding that the plaintiff was collaterally estopped from bringing a legal malpractice action, this Court stated, "the legal standards for ineffective assistance of counsel in criminal proceedings and for legal malpractice in civil proceedings are equivalent for purposes of application of the doctrine of collateral estoppel." *Id.* at 719. Further, in *Schlumm v Terrence J O'Hagan, PC*, 173 Mich App 345, 356; 433 NW2d 839 (1988), this Court adopted the reasoning set forth in *Knoblauch*, stating that once a

full and fair determination has been made that a plaintiff received the effective assistance of counsel, "the plaintiff has had his day in court and is now collaterally estopped from again raising the same issue" in the form of a claim of legal malpractice.

When this Court decided *Knoblauch* and *Schlumm*, the standard in Michigan for establishing ineffective assistance of counsel was controlled by *People v Garcia*, 398 Mich 250, 264, 266; 247 NW2d 547 (1976). In *Garcia, supra* at 264-266, our Supreme Court, in discussing the constitutional standard for establishing ineffective assistance of counsel, adopted the reasoning in *Beasley v United States*, 491 F2d 687, 696 (CA 6, 1974), which held that "[d]efense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law." Further, in discussing the nonconstitutional standard for establishing whether a defendant received a fair trial, our Supreme Court cited with approval *People v Degraffenreid*, 19 Mich App 702; 173 NW2d 317 (1969), which held that a new trial is also warranted if defense counsel makes a serious mistake but for which the defendant would have had a reasonably likely chance of acquittal.

After *Garcia* was decided, however, and following this Court's decisions in *Knoblauch* and *Schlumm*, the standard for determining whether a defendant received the effective assistance of counsel changed. In *People v Tommolino*, 187 Mich App 14, 17, n 1; 466 NW2d 315 (1991), this Court recognized that the United States Supreme Court's decision in *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984), not *Garcia, supra,* set the standard for whether a defendant has received effective assistance

of counsel.[2] In *Tommolino, supra* at 17, this Court, citing *Strickland, supra,* stated:

> To establish a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that, under an objective standard of reasonableness, counsel made an error so serious that counsel was not functioning as an attorney as guaranteed under the Sixth Amendment. Moreover, the defendant must overcome the presumption that the challenged action might be considered sound trial strategy. Second, the deficiency must be prejudicial to the defendant.

In the wake of this Court's decision in *Tommolino*, another panel of this Court in *Alterman v Provizer, Eisenberg, Lichtenstein & Pearlman, PC*, 195 Mich App 422, 426; 491 NW2d 868 (1992), stated the following:

> Given that the standard for establishing ineffective assistance of counsel has been restricted in *People v Tommolino*, 187 Mich App 14; 466 NW2d 315 (1991), so that it is no longer identical to the standard for a civil claim of malpractice, we do not express an opinion with regard to the continuing validity of *Knoblauch* and *Schlumm* in crossover situations.

Accordingly, we are called upon in this case to decide whether *Knoblauch* and *Schlumm* continue to represent the state of the law in Michigan. We hold today that they do. In order to establish a cause of action for legal malpractice, the plaintiff has the burden of establishing the following elements: (1) the

---

[2] Although plaintiff's motion for a new trial based on ineffective assistance of counsel was denied by the federal court through the application of federal law, the standard set forth by the United States Supreme Court in *Strickland, supra*, controls in both the state and federal forums.

existence of an attorney-client relationship (the duty); (2) negligence in the legal representation of the plaintiff (the breach); (3) that the negligence was a proximate cause of an injury (causation); and (4) the fact and extent of the injury alleged (damage). *Simko v Blake*, 448 Mich 648, 655; 532 NW2d 842 (1995). As previously indicated, in order for a defendant in a criminal case to establish that he did not receive the effective assistance of counsel, he must show (1) that counsel's performance was deficient and that, under an objective standard of reasonableness, counsel made an error so serious that counsel was not functioning as an attorney as guaranteed under the Sixth Amendment, and (2) that the deficiency was prejudicial to the defendant. *Tommolino, supra* at 17, citing *Strickland, supra.*

There is ample authority in other jurisdictions to support the conclusion that, for purposes of collateral estoppel, the standards for establishing ineffective assistance of counsel in a criminal forum and legal malpractice in a civil suit are equivalent. See, e.g., *Rowe v Schreiber*, 725 So 2d 1245 (Fla App, 1999); *Kramer v Dirksen*, 296 Ill App 3d 819; 231 Ill Dec 169; 695 NE2d 1288 (1998); *Sanders v Malik*, 711 A2d 32 (Del, 1998); *Ray v Stone*, 952 SW2d 220 (Ky App, 1997); *Gill v Blau*, 234 AD2d 506; 651 NYS2d 182 (1996); *Younan v Caruso*, 51 Cal App 4th 401; 59 Cal Rptr 2d 103 (1996); *Zeidwig v Ward*, 548 So 2d 209 (Fla, 1989); *Johnson v Raban*, 702 SW2d 134 (Mo App, 1985).

Although case-law discussion of the requirements to establish ineffective assistance of counsel and legal malpractice may contain language disparity, we believe the standards are sufficiently similar in sub-

stance to support the application of the defense of collateral estoppel. The first step of the *Strickland* standard and the breach element of a claim of legal malpractice are the same, i.e., trial counsel must act reasonably. Further, the second step of the *Strickland* standard (prejudice) and the causation element of a claim of legal malpractice are also the same, i.e., a defendant must show that trial counsel's alleged deficiency affected the outcome of the criminal trial. Finally, although defendants were not parties to plaintiff's motion for a new trial based on ineffective assistance of counsel in the federal court, we agree with this Court's extensive analysis in *Knoblauch, supra* at 719-725, that mutuality of estoppel is not necessary before a defendant in a legal malpractice action can use the defense of collateral estoppel.[3]

Accordingly, we affirm the lower court's decision to grant summary disposition in favor of defendants.

Affirmed.

---

[3] Plaintiff also argues that collateral estoppel should not operate to bar his claim of legal malpractice because he raised new issues in his complaint alleging legal malpractice, which were not addressed by the federal court in ruling on plaintiff's motion for a new trial based on ineffective assistance of counsel. We disagree. Our review of the record in this case reveals that each of plaintiff's claims of legal malpractice was addressed in the federal forum.