# STATE OF MICHIGAN

# COURT OF APPEALS

KRISTI JACKSON-PHELPS,

Plaintiff-Appellant,

v

JOHN C. DIPIERO and JOHN C. DIPIERO, P.C.,

Defendant-Appellees.

UNPUBLISHED
December 17, 2015

No. 323132
Saginaw Circuit Court
LC No. 13-021293-NZ

Before: GADOLA, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's opinion and order granting defendants' motion for summary disposition. We affirm.

This case arises from plaintiff's termination from her employment at the Saginaw Housing Commission ("SHC"). Plaintiff began working for SHC in 2003, and was the executive secretary from 2008 until her termination. In mid-October 2010, defendant John DiPiero began an internal audit for the year ending June 30, 2010. During the course of the audit, an SHC employee suggested that DiPiero examine the Shelter Plus Care ("SPC") program for irregularities. DiPiero expanded the scope of his audit and discovered, among other concerns, that plaintiff, who had been in charge of approving applicants for SPC program, had approved her son for an SPC program for which he did not qualify. At Dipiero's suggestion, Peter Chitekwe, the executive director of the SHC, placed plaintiff on a leave of absence with pay. The scope of the audit was then expanded to include all of plaintiff's activities at SHC. DiPiero subsequently confirmed the violations and further found, among other inconsistencies, that plaintiff's other son was also admitted into an SPC program for which he did not qualify. Plaintiff was thereafter suspended without pay and, ultimately, terminated.

In 2011, plaintiff filed suit against SHC and Chitekwe, alleging violation of the Whistleblower Protection Act ("WPA"), MCL 15.361 *et seq.*, and breach of contract. Regarding her breach of contract claim, plaintiff asserted that the SHC violated her employment contract when it terminated her without cause. The suit was arbitrated. In regard to plaintiff's breach of contract claim, the arbitrator held:

> This Arbitrator concludes that the findings set forth in the final
> independent audit report by DiPiero that [plaintiff] breached her fiduciary duties

-1-

and committed fraud constituted just cause for her termination. Accordingly, Respondents did not breach her employment contract . . . .

The arbitrator further found that plaintiff's WPA claim failed.

Plaintiff then filed the instant lawsuit against DiPiero and his accounting firm, claiming that DiPiero's audit findings were false and maliciously made, and that she was terminated and suffered damages as a result. Plaintiff alleged (1) tortious interference with a business relationship, (2) false light invasion of privacy, and (3) negligence. Defendants responded with a motion for summary disposition, arguing that plaintiff's tort claims were barred by res judicata and collateral estoppel on the basis of the arbitration award. The trial court agreed, and dismissed plaintiff's claim. Plaintiff appeals.

Plaintiff argues that the trial court erred in concluding that her claims were barred by res judicata and collateral estoppel. We disagree.

The applicability of the legal doctrines of res judicata and collateral estoppel present a question of law subject to de novo review. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). Likewise, this Court reviews de novo a trial court's decision to grant or deny a motion for summary disposition. *Barrow v Pritchard*, 235 Mich App 478, 480; 597 NW2d 853 (1999).

"The doctrine of res judicata bars a subsequent action when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Estes*, 481 Mich at 585 (footnotes and quotation marks omitted). "Generally, for collateral estoppel to apply three elements must be satisfied: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full [and fair] opportunity to litigate the issue; and (3) there must be mutuality of estoppel." *Monat v State Farm Ins Co*, 469 Mich 679, 692; 677 NW2d 843 (2004) (internal quotation marks and citations omitted). Collateral estoppel "applies to factual determinations made during grievance hearings or arbitration proceedings." *Porter v Royal Oak*, 214 Mich App 478, 485; 542 NW2d 905 (1995). In applying collateral estoppel, the courts must strike a balance between the rights of the litigants to their day in court and the need to eliminate repetitive litigation. *Howell v Vito's Trucking Co*, 386 Mich 37, 48; 191 NW2d 313 (1971).

On appeal, plaintiff asserts that the issues decided in her case against SHC and Chitekwe were not the same as the issues presented in the current case, and, thus, collateral estoppel and res judicata do not apply.[1] More specifically, plaintiff argues that the factual issues determined by the arbitrator in the first case were not the same as are necessary in this case. According to plaintiff, in the prior case, the relevant determination was whether SHC terminated plaintiff for the reason stated. The arbitrator concluded that SHC terminated plaintiff based upon its reliance

---

[1] We note that, in regard to res judicata, plaintiff does not argue that the current action does not involve the same parties or their privies. *Estes*, 481 Mich at 585.

on DiPiero's audit findings and conclusions. Plaintiff asserts that the arbitrator did make a determination on the veracity of the audit. In opposition, defendants assert that the arbitrator's decision, a final decision on the merits, specifically found that plaintiff's prior claim was without merit because the audit report was just cause for plaintiff's termination. The arbitrator determined that just cause existed for termination despite plaintiff's assertions that the findings in the audit report were not true.

Plaintiff brought two claims against the SHC and Chitekwe in the prior lawsuit, one pursuant to the WPA and the other for breach of her employment contract. For her WPA claim, plaintiff asserted that she was fired because she did or was going to "blow the whistle" on Chitekwe for alleged improper actions. The arbitrator rejected her claim because he found that plaintiff's factual assertion that she did or was going to "blow the whistle" on Chitekwe's alleged improper actions was not credible. That finding has no relevance to the claims that plaintiff has brought against defendants in the instant case, because the arbitrator's finding that there were no pre-textual reasons for plaintiff's termination did not resolve whether DiPiero's conclusions in the audit were accurate. Accordingly, we agree with plaintiff the disposition of the WPA claim is not dispositive.

However, the disposition of the breach of contract claim is relevant. In the earlier lawsuit plaintiff asserted that the allegations against her that came to light as a result of DiPiero's audit were false, and, thus, the SHC breached her employment contract by firing her without just cause. The arbitrator found that the SHC had just cause to fire plaintiff on the basis of the information contained in DiPiero's audit. Although the arbitrator did not expressly state that DiPiero's report was factually true when addressing the breach of contract claim, he necessarily reached this conclusion given his determination that the SHC had just cause to fire plaintiff (and thus did not breach the provision of the contract requiring the SHC have just cause to fire plaintiff). The arbitrator reached this conclusion despite plaintiff's arguments that DiPiero's findings were inaccurate or untrue. Plaintiff had a full and fair opportunity to litigate this issue in the prior lawsuit. Accordingly, because the matter at issue here is the same as an issue that was essential in the first case and determined by the arbitrator, the trial court correctly held that res judicata and collateral estoppel bar plaintiff's claims. *Estes*, 481 Mich at 585; *Monat*, 469 Mich at 692.

In addition, from a policy standpoint, we note that plaintiff is essentially attempting to re-litigate the factual question of whether DiPiero's report was false or the result of a wrongful or malicious act by DiPiero, and therefore by extension that no just cause existed for the SHC to terminate plaintiff's employment. A conclusion that DiPiero's report was false would be inconsistent with and undermine the arbitrator's findings that the SHC did not breach the employment contract because just cause existed for her termination. Such an inconsistency is exactly why the doctrines of res judicata and collateral estoppel exist and what they seek to prevent. See *Monat*, 469 Mich at 692 (holding that the purpose of collateral estoppel is "to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication . . . ." (citation omitted)).

Accordingly, we hold that plaintiff's claims are barred and that the trial court did not err by granting defendants' motion for summary disposition.[2]

Affirmed. Defendants, the prevailing parties, may tax costs. MCR 7.219.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood

---

[2] Given our conclusion that plaintiff's claims are barred because she is estopped from asserting that DiPiero's report was false or the result of a wrongful or malicious act by DiPiero, it is unnecessary to address plaintiff's additional arguments on appeal.