# STATE OF MICHIGAN

# COURT OF APPEALS

SAAD AKRAM BAHODA,

        Plaintiff-Appellant,

v

STEVEN M. KAPLAN,

        Defendant-Appellee.

UNPUBLISHED
July 20, 2017

No. 332313
Macomb Circuit Court
LC No. 2015-001714-CZ

Before: GADOLA, P.J., and METER and FORT HOOD, JJ.

PER CURIAM.

In this action alleging legal malpractice, plaintiff Saad Akram Bahoda appeals as of right the trial court's order granting summary disposition to defendant Steven M. Kaplan pursuant to MCR 2.116(C)(7)[1] because plaintiff's claim was precluded by the doctrine of collateral estoppel. We affirm.

This case arose out of defendant's representation of plaintiff in a criminal matter in which plaintiff was charged with assault with intent to commit murder, MCL 750.83, and ultimately convicted after a jury trial of assault with intent to do great bodily harm less than murder, MCL 750.84. Following his trial, plaintiff claimed that defendant provided ineffective assistance of counsel in multiple ways. The trial court denied plaintiff's request for a new trial and declined to conduct an evidentiary hearing.

---

[1] Although the trial court set forth the legal standards for MCR 2.116(C)(7), MCR 2.116(C)(8), and MCR 2.116(C)(10) in its opinion and order and did not explicitly state that its grant of summary disposition was predicated specifically on MCR 2.116(C)(7), it is clear that its decision was in fact predicated on MCR 2.116(C)(7) because the trial court relied entirely on its conclusion that plaintiff's action was barred by the prior judgment in his criminal case and the trial court did not employ any of the relevant language for a decision predicated on MCR 2.116(C)(8) or MCR 2.116(C)(10) in reaching its decision. Moreover, summary disposition is properly granted under MCR 2.116(C)(7) when a claim is precluded by the doctrine of collateral estoppel. *Minicuci v Scientific Data Mgt, Inc*, 243 Mich App 28, 42; 620 NW2d 657 (2000).

Meanwhile, as the post-conviction proceedings were occurring in plaintiff's criminal matter, plaintiff filed this civil lawsuit, acting *in propria persona*, against defendant. The trial court in the civil action granted defendant's motion for summary disposition and denied plaintiff's motion for discovery. The trial court concluded that plaintiff's legal malpractice claim was barred by the doctrine of collateral estoppel because the same issue was involved in plaintiff's ineffective assistance motion in his criminal matter, and the trial court in the criminal matter had denied the motion by ruling that plaintiff did not receive ineffective assistance of counsel and that plaintiff's arguments had no merit. Plaintiff now appeals this order.

While plaintiff's appeal in the instant civil action was pending, this Court affirmed the rulings of the trial court in plaintiff's criminal case.[2] The Michigan Supreme Court denied plaintiff's application for leave to appeal this Court's judgment.[3]

On appeal, plaintiff first argues that the doctrine of collateral estoppel should not preclude his legal malpractice action. We disagree.

"This Court reviews the grant or denial of summary disposition de novo to determine if the moving party is entitled to judgment as a matter of law." *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). Additionally, "[t]his Court reviews de novo the application of a legal doctrine, including collateral estoppel." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012).

Where a claim is precluded by the doctrine of collateral estoppel, summary disposition is proper under MCR 2.116(C)(7).[4] *Minicuci v Scientific Data Mgt, Inc*, 243 Mich App 28, 42; 620 NW2d 657 (2000); see also *Alcona Co v Wolverine Environmental Prod, Inc*, 233 Mich App 238, 246; 590 NW2d 586 (1998). "A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence," and "[i]f such material is submitted, it must be considered. *Rozwood*, 461 Mich at 119. "[T]he substance or content of the supporting proofs must be admissible in evidence." *Id*. However, "a movant under MCR 2.116(C)(7) is not required to file supportive material, and the opposing party need not reply with supportive material. *Id*. "In reviewing whether a motion under MCR 2.116(C)(7) was properly decided, [this Court] consider[s] all documentary evidence and accept[s] the complaint as factually accurate unless affidavits or other appropriate documents specifically contradict it." *Kuznar v Raksha Corp*, 481 Mich 169, 175-176; 750 NW2d 121 (2008).

---

[2] *People v Bahoda (Bahoda I)*, unpublished opinion per curiam of the Court of Appeals, issued June 14, 2016 (Docket No. 316879).

[3] *People v Bahoda*, 500 Mich 959; 892 NW2d 362 (2017).

[4] MCR 2.116(C)(7) provides that a motion for summary disposition may be based on the ground that "[e]ntry of judgment, dismissal of the action, or other relief is appropriate because of release, payment, prior judgment, immunity granted by law, statute of limitations, statute of frauds, an agreement to arbitrate or to litigate in a different forum, infancy or other disability of the moving party, or assignment or other disposition of the claim before commencement of the action."

"Collateral estoppel is a rule of issue preclusion." *Moses v Dep't of Corrections*, 274 Mich App 481, 503; 736 NW2d 269 (2007). "Collateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the same parties when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in the prior proceeding." *Barrow v Pritchard*, 235 Mich App 478, 480; 597 NW2d 853 (1999) (quotation marks and citation omitted). "The doctrine of collateral estoppel is intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication . . . ." *Monat v State Farm Ins Co*, 469 Mich 679, 692-693; 677 NW2d 843 (2004) (quotation marks and citation omitted). "Generally, for collateral estoppel to apply three elements must be satisfied: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full [and fair] opportunity to litigate the issue; and (3) there must be mutuality of estoppel." *Id*. at 682-684 (quotation marks and citation omitted). "[M]utuality of estoppel requires that in order for a party to estop an adversary from relitigating an issue that party must have been a party, or in privy to a party, in the previous action," and "[t]he estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it, had it gone against him." *Id*. at 684-685 (quotation marks and citations omitted). However, "where collateral estoppel is being asserted defensively against a party who has already had a full and fair opportunity to litigate the issue, mutuality is not required." *Id*. at 695.

"Crossover estoppel, which involves the preclusion of an issue in a civil proceeding after a criminal proceeding and vice versa, is permissible." *Barrow*, 235 Mich App at 481. This Court has previously held that "where a full and fair determination has been made in a previous criminal action that the client received the effective assistance of counsel, the defendant-attorney in a subsequent civil malpractice action brought by the same client may defensively assert collateral estoppel as a bar." *Knoblauch v Kenyon*, 163 Mich App 712, 725; 415 NW2d 286 (1987). "[T]he legal standards for ineffective assistance of counsel in criminal proceedings and for legal malpractice in civil proceedings are equivalent for purposes of application of the doctrine of collateral estoppel." *Id*. at 719.

In *Barrow*, 235 Mich App at 483-485, this Court reaffirmed that the holding and reasoning of *Knoblauch* and its progeny "continue to represent the state of the law in Michigan." The defendants in *Barrow* had represented the plaintiff in a criminal matter in federal court that resulted in the plaintiff being convicted on 11 of the 15 counts in his indictment and acquitted on the remaining counts. *Id*. at 479. The plaintiff subsequently moved the trial court for a new trial and argued in part that he had received ineffective assistance of counsel. *Id*. The motion was denied by the trial court, after which the plaintiff filed a complaint in state court alleging legal malpractice against the defendants based on their representation during the plaintiff's criminal trial. *Id*. The defendants moved for summary disposition on the ground that the malpractice action was barred by collateral estoppel because the federal court had denied the plaintiff's new trial motion that had been based on an ineffective assistance claim. *Id*. The trial court granted summary disposition to the defendants, and this Court affirmed. *Id*. In reaching its conclusion, the *Barrow* Court explained:

> In order to establish a cause of action for legal malpractice, the plaintiff has the
> burden of establishing the following elements: (1) the existence of an attorney-

client relationship (the duty); (2) negligence in the legal representation of the plaintiff (the breach); (3) that the negligence was a proximate cause of an injury (causation); and (4) the fact and extent of the injury alleged (damage). As previously indicated, in order for a defendant in a criminal case to establish that he did not receive the effective assistance of counsel, he must show (1) that counsel's performance was deficient and that, under an objective standard of reasonableness, counsel made an error so serious that counsel was not functioning as an attorney as guaranteed under the Sixth Amendment, and (2) that the deficiency was prejudicial to the defendant.

\* \* \*

Although case-law discussion of the requirements to establish ineffective assistance of counsel and legal malpractice may contain language disparity, we believe the standards are sufficiently similar in substance to support the application of the defense of collateral estoppel. The first step of the *Strickland*[5] standard and the breach element of a claim of legal malpractice are the same, i.e., trial counsel must act reasonably. Further, the second step of the *Strickland* standard (prejudice) and the causation element of a claim of legal malpractice are also the same, i.e., a defendant must show that trial counsel's alleged deficiency affected the outcome of the criminal trial. Finally, although defendants were not parties to plaintiff's motion for a new trial based on ineffective assistance of counsel in the federal court, we agree with this Court's extensive analysis in *Knoblauch*, *supra* at 719-725, that mutuality of estoppel is not necessary before a defendant in a legal malpractice action can use the defense of collateral estoppel. [*Id*. at 483-485 (some citations omitted).]

Here, as an initial matter, the trial court determined "that the gravamen of [plaintiff's] complaint against [defendant] is for legal malpractice" and that plaintiff's claims of breach of fiduciary duty and fraud asserted against defendant could not be considered separate causes of action and were "subsumed by the legal malpractice claim." Plaintiff does not contest this finding on appeal. Therefore, there is no civil claim to evaluate on appeal other than one of legal malpractice for purposes of determining whether the trial court erred by concluding that plaintiff was estopped from maintaining his lawsuit.

With respect to the first element of the collateral estoppel analysis, plaintiff moved the trial court in his criminal matter for a new trial or an evidentiary hearing and raised claims that defendant provided ineffective assistance of counsel based on allegations that defendant misadvised plaintiff of the laws and rules applicable to his case, failed to file motions on behalf of plaintiff, failed to make a mandatory disclosure of a conflict of interest, and failed to move for disqualification based on the alleged conflict of interest involving attorney Brian Legghio. More specifically regarding the conflict-of-interest allegation, plaintiff argued that defendant had a duty to inform the trial court that attorney Legghio's representation of Natalie Allie, as an

---

[5] *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

adverse witness against plaintiff who was granted immunity, constituted a potential or actual conflict of interest because defendant had referred Legghio to meet with plaintiff and therefore knew about the prior relationship between Legghio and plaintiff.

Plaintiff's former appellate attorney in his criminal matter also moved for a new trial or evidentiary hearing based on defendant's failure to raise the issue of self-defense during trial. The trial court rejected plaintiff's claims, as did this Court in plaintiff's appeal of his criminal matter, and the Michigan Supreme Court denied leave to appeal this Court's judgment.

Similarly, in the instant civil matter claiming that defendant committed legal malpractice, plaintiff alleged that defendant provided constitutionally deficient performance, was ineffective, was negligent, breached his fiduciary duty, committed silent fraud, and committed common-law fraud. As previously noted, plaintiff's complaint was simply asserting legal malpractice on multiple grounds. Specifically, plaintiff alleged that defendant failed to develop a proper defense strategy; failed to request a self-defense instruction; failed to assert a defense strategy of self-defense; failed to generally test the prosecution's case and impeach prosecution witnesses; failed to investigate; failed to inform the trial court of "a potential or actual conflict of interest" between plaintiff, attorney Legghio, Allie, and the prosecutor in plaintiff's criminal case; wrongfully induced plaintiff to believe that there was no conflict of interest where Legghio represented Allie and secured an immunity deal, lied to plaintiff about calling a defense witness; wrongfully indicated to plaintiff that his only defense option was an intent defense; wrongfully allowed the prosecutor to "use a conflict of interest as a means to dictate plaintiff's defense in his criminal case"; failed to act with reasonable competence in motion practice; and failed to comply with "the standard of practice and care, the cannons of ethics, the Michigan Rules of Professional Conduct, and ethical considerations applicable to attorneys in the State of Michigan."

We conclude that all of plaintiff's allegations in his malpractice complaint can properly be considered variations of the same claims made in his ineffective assistance action against defendant in plaintiff's criminal proceedings[6] because they all involve issues relating to how defendant represented plaintiff during the criminal matter and defendant's alleged failure to properly advise plaintiff on applicable laws and rules, to file motions, to disclose an alleged conflict of interest involving Legghio and take certain actions based on that alleged conflict of interest, and to present plaintiff's desired defense of self-defense. With respect to plaintiff's various complaints related to the alleged conflict of interest involving attorney Legghio and Allie, this was explicitly raised as part of plaintiff's ineffective assistance claim in the criminal proceedings. Plaintiff's remaining legal malpractice claims essentially boil down to plaintiff's disagreement with defendant's choice of trial strategy, including the theory of defense he presented, how the defense theory was presented, and how defendant chose to conduct the trial. These claims may be understood as species of plaintiff's previous claims in the criminal proceedings that defendant failed to raise the issue of self-defense during trial and misadvised

---

[6] Indeed, plaintiff does not adequately contest this on appeal but instead emphasizes the lack of an evidentiary hearing and the allegedly different incentives in the criminal context versus the civil context.

plaintiff of the laws and rules applicable to his case. Regardless of the precise choice of words used by plaintiff to articulate his claims in each forum, the first collateral estoppel element is satisfied because a question of fact essential to the judgment was actually litigated and determined by a valid and final judgment. *Monat*, 469 Mich at 682.

Next, plaintiff raised these issues in the trial court as part of his criminal matter, and the trial court rejected plaintiff's arguments, denying his requests for a new trial and evidentiary hearing. The trial court also rejected plaintiff's motion for reconsideration. While plaintiff contends that he did not have a full opportunity to litigate these issues because he was not granted a *Ginther*[7] hearing, plaintiff does not cite any authority for the proposition that he was legally entitled to a *Ginther* hearing. "[A] trial court's decision whether to hold an evidentiary hearing is reviewed for an abuse of discretion," and a trial court abuses its discretion "when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 216-217; 749 NW2d 272 (2008). As previously noted, this Court has affirmed the trial court's rulings and the Michigan Supreme Court has denied plaintiff's application for leave to appeal in his criminal matter.[8]

While plaintiff argues that he has not had a full and fair opportunity to litigate his claims regarding defendant's representation because his criminal appeal is still pending on appeal in this Court, plaintiff's argument is now moot because plaintiff's criminal appeal is no longer pending. "An issue is deemed moot when an event occurs that renders it impossible for a reviewing court to grant relief." *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998). "As a general rule, an appellate court will not decide moot issues." *Id*.

Because a claim of ineffective assistance in criminal proceedings involves the same legal standards as a civil claim for legal malpractice, *Knoblauch*, 163 Mich App at 719, plaintiff has had a full and fair opportunity to litigate his claims, *Monat*, 469 Mich at 682-683.

Finally, mutuality is not required in this situation because "collateral estoppel is being asserted defensively against a party who has already had a full and fair opportunity to litigate the issue . . . ." *Monat*, 469 Mich at 695. Specifically, as this Court has previously held, "where a full and fair determination has been made in a previous criminal action that the client received the effective assistance of counsel, the defendant-attorney in a subsequent civil malpractice action brought by the same client may defensively assert collateral estoppel as a bar." *Knoblauch*, 163 Mich App at 725. Therefore, defendant may assert collateral estoppel to preclude the instant malpractice action based on his representation of plaintiff in the previous criminal matter. *Id*.

Nonetheless, plaintiff relies on *Trakhtenberg*, 493 Mich 38, for the proposition that the doctrine of collateral estoppel does not bar his claim because the incentives to litigate the issue of

---

[7] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[8] This Court specifically held that the trial court did not abuse its discretion in failing to hold a *Ginther* hearing. *Bahoda I*, unpub op at 7.

a defense attorney's performance are different in the contexts of criminal cases involving ineffective assistance of counsel and civil claims of legal malpractice. Plaintiff's reliance on *Trakhtenberg* is misplaced because that case is clearly distinguishable from the instant case. In *Trakhtenberg*, the issue was "whether collateral estoppel may be applied to preclude review of a criminal defendant's claim of ineffective assistance of counsel when a prior civil judgment held that defense counsel's performance did not amount to malpractice." *Id*. at 42. In other words, the situation in that case was the inverse of the situation here: an attempt to use cross-over collateral estoppel going from the civil to criminal context rather than the criminal to civil context. The *Trakhtenberg* Court noted that "[s]everal Court of Appeals opinions have held that a criminal defense attorney may rely on the doctrine of collateral estoppel in order to avoid malpractice liability when a full and fair determination was made in a previous criminal action that the same client had received effective assistance of counsel" but that "we must hesitate to apply collateral estoppel in the reverse situation—when the government seeks to apply collateral estoppel to preclude a *criminal* defendant's claim of ineffective assistance of counsel in light of a prior *civil* judgment that defense counsel did not commit malpractice." *Id*. at 48. The Court concluded "that collateral estoppel cannot be applied to preclude the review of a criminal defendant's claim of ineffective assistance of counsel simply because a previous civil proceeding determined that defense counsel had not committed malpractice." *Id*. at 58. The Court explained its holding and reasoning as follows:

> We hold that the Court of Appeals erred when it applied collateral estoppel to preclude its review of defendant's ineffective-assistance-of-counsel claim because defendant did not have a full and fair opportunity to litigate his claim in the malpractice proceeding. Considering the nature of the forum in which defendant's allegations concerning counsel's errors were initially rejected, it is clear that defendant's interest when pursuing his civil malpractice claim differed from his interest in asserting his constitutional right to effective counsel in the criminal proceeding. Indeed, defendant sought monetary gain in the malpractice case, whereas in his criminal case he seeks protection of a constitutional right and his liberty. Accordingly, *because defendant has a different and most likely stronger incentive to litigate counsel's errors in the criminal proceeding*, the prior civil litigation concerning counsel's alleged claims of error did not afford defendant a full and fair opportunity to litigate his ineffective-assistance-of-counsel claim. [*Id*. at 50-51 (emphasis added).]

Therefore, the Court's opinion in *Trakhtenberg* did not disturb the well-established rule that collateral estoppel may be used defensively going from the criminal context to the civil context when the defendant had a full and fair opportunity to litigate an ineffective assistance claim.

The trial court did not err by granting summary disposition under MCR 2.116(C)(7) based on the doctrine of collateral estoppel. *Minicuci*, 243 Mich App at 42. While the parties also advance arguments related to whether summary disposition would have been proper under MCR 2.116(C)(8) and MCR 2.116(C)(10), we decline to address these issues in light of our conclusion that summary disposition was properly granted pursuant to MCR 2.116(C)(7). *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 39 n 1; 772 NW2d 801 (2009).

Next, plaintiff argues that summary disposition was premature without further discovery. We disagree.

Summary disposition "is generally premature if discovery has not been completed unless there is no fair likelihood that further discovery will yield support for the nonmoving party's position." See *id*. at 33-34. In *Liparoto Constr*, we held that summary disposition was not premature where summary disposition had been granted to a defendant on the basis of a one-year contractual limitations period because the limitations period was "not a matter that requires further factual development" and "[a]ccordingly, there [was] no fair likelihood that further discovery would yield support for plaintiff's action against [the defendant]." *Id*. at 27, 33-34.

Here, summary disposition was granted to defendant on the ground of collateral estoppel. As previously discussed, plaintiff raised materially the same claims against defendant during the course of plaintiff's ineffective-assistance litigation in the criminal matter, and plaintiff's arguments were rejected both in the trial court and on appeal. There is no further factual development that is necessary to determine whether collateral estoppel barred plaintiff's legal malpractice claim, and "there is no fair likelihood that further discovery would yield support for plaintiff's action . . . ." *Id*. at 34. Moreover, plaintiff has not made any attempt to identify evidence that would have been revealed in discovery that would somehow demonstrate that collateral estoppel did not preclude this action. To have allowed this lawsuit to continue would have been contrary to the intended purposes of the collateral-estoppel doctrine, which is "to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication . . . ." *Monat*, 469 Mich at 692-693 (quotation marks and citations omitted). Summary disposition was not premature.

Finally, plaintiff's reliance on *Gebhardt v O'Rourke*, 444 Mich 535, 554; 510 NW2d 900 (1994), for the proposition that "successful postconviction relief is not a prerequisite to the maintenance of a claim for legal malpractice arising out of negligent representation in a criminal matter" is misplaced. In *Gebhardt*, the issue before the Court was whether the plaintiff's action for legal malpractice was barred by the statute of limitations—specifically, whether the cause of action accrued only upon the judgment of acquittal (obtained by a different attorney) in the underlying criminal case being upheld on appeal, or if it accrued before that time. *Id*. at 537-538. The defendant attorney represented the plaintiff in a criminal trial that resulted in the plaintiff being convicted, but the plaintiff hired a different attorney for her post-conviction proceedings that ultimately resulted in a judgment of acquittal for the plaintiff. *Id*. at 537-538. The plaintiff filed her malpractice action against the defendant after the acquittal was upheld on appeal, and the trial court granted summary disposition to the defendant based on the applicable statute of limitations. *Id*. at 538-539. The *Gebhardt* Court held "that a criminal defendant's legal malpractice action accrues on the last day of his attorney's professional service in the underlying criminal matter out of which the negligence arose, after which time he has two years to file suit"; that "a criminal defendant's malpractice suit will not be barred by the two-year provision if he files within six months of when he discovers, or should have discovered, his malpractice claim"; and that "successful postconviction relief is not a prerequisite to the maintenance of a claim for legal malpractice arising out of negligent representation in a criminal matter." *Id*. at 554. The Court concluded that "[b]ecause the plaintiff filed her claim well past two years from [the defendant's] last day of service, the suit [was] barred under the two-year limitation provision," and it further concluded that the plaintiff's "action [was] also barred under

the six-month discovery rule." *Id*. at 544. Importantly, the Court "decline[d] to address today the question of when issue preclusion and collateral estoppel may be appropriately applied." *Id*. at 549 n 15.

Here, the issue was not determining when plaintiff had to file his malpractice action in order to comply with the statute of limitations but rather whether the action could even be continued once filed. In other words, the fact that plaintiff could file his malpractice action before obtaining successful post-conviction relief in order to avoid being barred by the statute of limitations does not mean that the action cannot now be barred nonetheless by the doctrine of collateral estoppel. Plaintiff's reliance on *Gebhardt* does not advance his argument here.

Affirmed.

/s/ Michael F. Gadola
/s/ Patrick M. Meter
/s/ Karen M. Fort Hood