ALTERMAN v PROVIZER, EISENBERG, LICHTENSTEIN &
PEARLMAN, PC

Docket No. 137322. Submitted July 14, 1992, at Detroit. Decided
August 4, 1992, at 9:05 A.M.

Allen Alterman brought an action in the Wayne Circuit Court
against the law firm of Provizer, Eisenberg, Lichtenstein &
Pearlman, P.C., and attorney Arvin J. Pearlman, alleging that
they committed malpractice in advising him to settle a federal
court action against his employer when he was not mentally
competent to do so. The court, John H. Hausner, J., granted
summary disposition for the defendants, ruling that, because
the issue of mental competency was addressed when the plain-
tiff's motion to set aside the settlement was denied by the
federal court, the plaintiff's action for legal malpractice was
barred by collateral estoppel. The plaintiff appealed.

The Court of Appeals *held:*

Generally, a party that raises collateral estoppel in seeking
to bar an adversary from relitigating an issue must have been
a party, or a privy to a party, in the previous action. The
requirement of mutuality has been relaxed in some cases and
should be in this case. The issues decided adversely to the
plaintiff in his motion to set aside the settlement of the previ-
ous action are identical to the issues raised in this action for
legal malpractice. The plaintiff had a full and fair opportunity
to litigate those issues in the previous action. The trial court
did not err in ruling that this action is barred by collateral
estoppel.

Affirmed.

ESTOPPEL — COLLATERAL ESTOPPEL — LACK OF MUTUALITY.

The doctrine of collateral estoppel may be invoked under certain
circumstances even where there is a lack of mutuality, such as
in an action for legal malpractice based on a claim that an
attorney allowed a mentally incompetent client to settle a prior

REFERENCES
Am Jur 2d, Estoppel and Waiver § 115.
See the Index to Annotations under Collateral Estoppel; Estoppel
and Waiver; Mutuality of Estoppel.

and unrelated action to the detriment of the client where the client after a full and fair opportunity to litigate the issue did not succeed in having the settlement set aside on the ground of mental incompetence.

*James F. Schouman,* for the plaintiff.

*Collins, Einhorn & Farrell, P.C.* (by *Morton H. Collins* and *Theresa M. Asoklis*), for the defendants.

Before: FITZGERALD, P. J., and HOOD and J. C. KINGSLEY,* JJ.

PER CURIAM. This is an appeal as of right from the trial court's order granting summary disposition to defendants of plaintiff's legal malpractice claim. At issue is the trial court's application of the doctrine of collateral estoppel. See MCR 2.116(C)(7). We affirm.

Plaintiff suffered a work-related injury in 1986 and sued his employer, a railroad company, in federal court. On defendant Pearlman's advice, he settled that case and agreed to resign from his employment. About ten months later, plaintiff, through other counsel, moved to have the settlement set aside, alleging that, because of medication and stress, he was not mentally competent when he entered into it.

Plaintiff's motion was referred to a magistrate who, after holding an evidentiary hearing, recommended that it be denied. Plaintiff refused to waive the attorney-client privilege so that defendant Pearlman and his staff could testify. The federal court reviewed the record de novo and denied plaintiff's motion. That decision was not appealed.

Plaintiff subsequently filed this lawsuit alleging

* Circuit judge, sitting on the Court of Appeals by assignment.

that Pearlman and his law firm committed malpractice in allowing plaintiff to settle his federal case while he was mentally incompetent. Defendants successfully moved for summary disposition on the ground that, in the absence of an appeal in the action in federal court, relitigation of plaintiff's competency at the time of settlement was barred by the doctrine of collateral estoppel. We agree.

The doctrine of collateral estoppel holds that, where the first and second causes of action are different, "the judgment [rendered in the first cause of action] is conclusive between the parties in such a case as to questions actually litigated and determined by the judgment." *Howell v Vito's Trucking Co,* 386 Mich 37, 42; 191 NW2d 313 (1971). By the "very definition" of the doctrine, "one of the critical factors" is "whether the respective litigants were parties or privy[1] to a party." *Id.* at 42; see also *Lichon v American Universal Ins Co,* 435 Mich 408, 427; 459 NW2d 288 (1990). "In other words, '[t]he estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it had it gone against him.' " *Id.* at 427-428, quoting *Howell.*

Our Supreme Court has recently reaffirmed the vitality of the mutuality requirement in Michigan in the face of a modern trend to abandon it. See *Lichon, supra* at 428. We therefore decline defendants' invitation to do away with the requirement altogether. Nevertheless, our Supreme Court has recognized that "lack of mutuality does not always preclude the application of collateral estoppel. There are several well-established exceptions to

---

[1] "A privy is one who, after rendition of the judgment, has acquired an interest in the subject matter affected by the judgment through or under one of the parties, as by inheritance, succession, or purchase." *Howell, supra* at 43.

the mutuality requirement, such as when an indemnitor seeks to assert in its defense a judgment in favor of its indemnitee, or where a master defends by asserting a judgment for a servant." *Id.* at 428, n 16.

There are no published opinions of this Court allowing nonmutual defensive use of collateral estoppel in the context of a legal malpractice action arising out of a civil case. However, the Supreme Court noted in *Lichon* that "[t]he Court of Appeals has recognized that [in addition to the well-established exceptions listed above] there may be other situations in which the mutuality requirement is relaxed." *Id.* at 428, n 16, citing *Knoblauch v Kenyon,* 163 Mich App 712; 415 NW2d 286 (1987).

In *Knoblauch,* an attorney who had represented the plaintiff in a criminal case was sued for malpractice. *Id.* at 713-715. In the underlying criminal case, the malpractice-plaintiff had asserted ineffective assistance of counsel and had failed after an evidentiary hearing. *Id.* at 713-714. This Court allowed counsel to use that determination defensively in the civil case to collaterally estop relitigation of the competency issue. *Id.* at 725; see also *Schlumm v Terence J O'Hagan, PC,* 173 Mich 345, 357; 433 NW2d 839 (1988) (following *Knoblauch*).

In *Knoblauch,* this Court acknowledged that the parties were not identical, that there was no mutuality, and that none of the recognized exceptions to the mutuality requirement applied. *Knoblauch, supra* at 720. Nevertheless, this Court found that the standard that applied to claims of ineffective assistance of counsel was identical to the standard that applied to civil claims of malpractice and that, therefore, the issue had been fully litigated. *Id.* at 717-719. The Court noted that the mutuality requirement had been eroded, that Supreme Court

cases had not dealt with crossover (criminal to civil) collateral estoppel, and that the reasons articulated in *Howell* for rejecting nonmutual *offensive* collateral estoppel did not apply where the earlier adjudication was used defensively against a party who had had the opportunity to fully litigate it. *Knoblauch, supra* at 724-725. The reasons articulated in *Howell, supra* at 47-51, were: (1) lopsided justice in cases involving successive plaintiffs, (2) fear of increased litigation to avoid adverse judgments, and (3) the unfairness of declaring defendant a loser to a competitor he had never met. The Court also noted that, as a matter of public policy, a criminal defendant who has lost a claim of ineffective assistance should not be able to recover against the attorney in a malpractice action. *Knoblauch, supra* at 725.

Given that the standard for establishing ineffective assistance of counsel has been restricted in *People v Tommolino,* 187 Mich App 14; 466 NW2d 315 (1991), so that it is no longer identical to the standard for a civil claim of malpractice, we do not express an opinion with regard to the continuing validity of *Knoblauch* and *Schlumm* in crossover situations. However, the analysis remains valid in situations involving civil actions and has been applied recently in two unpublished decisions of this Court.

In *Caveney v Kirkpatrick,* unpublished opinion per curiam, decided August 13, 1991 (Docket No. 124149), this Court held that a wife's malpractice action against her divorce attorney based on the inadequacy of the property settlement was barred by an appellate decision in the divorce proceeding holding that the settlement was fair and equitable. Similarly, in *Sumpter v Koskinski,* another unpublished opinion per curiam of the Court of Appeals,

decided January 30, 1991 (Docket No. 116944), a malpractice action based upon the drafting of an antenuptial agreement was barred by a decision finding no breach of duty in connection with the agreement. In the first action, the attorney had been sued as the representative of the deceased husband's estate; in the malpractice action, he was sued in his own name.

To succeed in his malpractice case, plaintiff must prove: (1) the existence of an attorney-client relationship; (2) the acts constituting negligence; (3) that the negligence proximately caused an injury; and (4) the fact and extent of the injury. *Schlumm, supra* at 359. There is no question that the acts allegedly constituting negligence, i.e., allowing or causing plaintiff to settle while he was not mentally competent, are identical to the issue decided in the federal case, i.e., whether plaintiff was competent at the time he signed the settlement agreement. There is also no question that plaintiff had a full and fair opportunity to litigate this issue in federal court.[2]

Therefore, we hold that plaintiff is collaterally estopped from relitigating the issue, even though the parties are not identical, no mutuality exists, and no traditional exceptions apply.

Affirmed.

---

[2] This is totally dissimilar to *Lowman v Karp*, 190 Mich App 448; 476 NW2d 428 (1991), which involved only the issue whether a settlement of an underlying action is an absolute bar to a subsequent action for legal malpractice. The underlying issue was not litigated in that case.