# STATE OF MICHIGAN

# COURT OF APPEALS

ANGELA M. ROBINSON, a Legally
Incapacitated Person, and REMO MARZELLA
and MARIE MARZELLA, a/k/a TONI
MARZELLA, Co-Guardians/Co-Conservators/Co-
Trustees,

        Plaintiffs-Appellants,

v

MUNGER & ASSOCIATES, PLLC, MUNGER &
ASSOCIATES, PC, JON B. MUNGER,
JENNIFER CARNEY, and CHRISTINE A.
WAID,

        Defendants-Appellees.

UNPUBLISHED
April 7, 2016

No. 325080
Oakland Circuit Court
LC No. 2014-138598-NM

Before: GLEICHER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Plaintiffs appeal as of right an order granting defendants' motion for summary disposition on the ground that collateral estoppel barred their legal malpractice and breach of fiduciary duty claims. We reverse and remand for proceedings consistent with this opinion.

Plaintiffs Remo and Marie Marzella filed this lawsuit on behalf of their daughter, Angela Robinson (hereafter Angela), a legally incapacitated person. The Marzellas are Angela's parents, as well as her co-guardians, co-conservators, and are co-trustees of Angela's special needs trust.

## I. FACTUAL BACKGROUND

At a probate court hearing held on June 22, 2011, Angela's then guardian ad litem recommended that a public administrator be appointed to represent Angela's interests in an impending divorce proceeding and that a permanent guardian be appointed for Angela after the divorce proceeding was finalized. The probate court permitted Angela's then-husband Todd Robinson to withdraw as her guardian, and appointed defendant Jon B. Munger as her guardian.

On January 25, 2012, the Marzellas filed a petition to remove Munger from his position as Angela's guardian and to allow them to care for her. The petition was filed pursuant to MCL

-1-

700.5310(2), which provides in pertinent part that "a person interested in the ward's welfare may petition for an order removing the guardian, appointing a successor guardian, modifying the guardianship's terms, or terminating the guardianship." In their petition, the Marzellas alleged that Munger had not investigated Angela's best interests or made proper decisions regarding her future care. An evidentiary hearing was held by the probate court on this petition. At the conclusion of the hearing, the probate court denied the Marzellas' petition, holding: "I am not going to remove Mr. Munger at this point. I don't find that Mr. Munger did anything wrong. I think he tried to exercise his best judgment. And until that divorce is final, I'm going to retain him as the guardian so that that can be finalized." However, the court ordered that Angela be placed with plaintiffs because "they are in the best position to provide her long-term care and that's what should happen immediately."

On March 1, 2012, the court entered the order of divorce, which provided that a settlement agreement had been reached. The order referenced their settlement and provided that Todd would be the sole legal and physical custodian of the couple's two minor children. It also stated that "spousal support to either party is hereby forever barred and that each party waives and releases any present or future right which that party may have to alimony or spousal support." Todd signed the order on his own behalf, and Munger signed on Angela's behalf as her guardian and conservator. After the divorce was final, the probate court removed Munger from his position as Angela's guardian and appointed plaintiff Remo Marzella as her guardian.[1] On August 29, 2012, the probate court entered an order granting the Marzellas' second amended petition to remove Munger as Angela's conservator and appointed them as her co-conservators. On October 17, 2012, plaintiff Marie Marzella was appointed co-guardian of Angela, and on October 24, 2012, the Marzellas were appointed as successor trustees of Angela's irrevocable special needs trust.

On January 29, 2014, plaintiffs filed this lawsuit and, on March 20, 2014, they filed their first amended complaint. In Count I, plaintiffs alleged that defendants committed legal malpractice during the course of representing Angela in guardianship and conservatorship matters, as well as in the divorce action filed by Angela's former husband, Todd. For example, with regard to defendants' legal representation during the divorce action, plaintiffs alleged that defendants: (1) did not investigate or conduct discovery to determine the existence and value of the marital assets and liabilities; (2) did not secure spousal support for Angela; (3) did not secure an equitable division of the marital assets for Angela because Todd was awarded a bulk of the estate; (4) agreed to Todd having total discretion whether and when to permit visitation with the children; and (5) failed to ensure that Angela's personal property was awarded to her. With regard to defendants' legal representation during the guardianship and conservatorship matters, plaintiffs alleged that defendants: (1) failed to investigate and ascertain Angela's best interests with respect to her living arrangements; (2) advocated for Angela to live in an institution instead of with her family; (3) failed to foster Angela's family relationships and family involvement in her care and life which was in her best interests. In Count II, plaintiffs alleged that Munger

---

[1] Judge Linda Hallmark presided over the probate court matter and was assigned to the divorce case as well.

breached the fiduciary duties he owed Angela as her guardian, conservator, and trustee of the special needs trust. That is, he owed Angela fiduciary duties to preserve assets, act impartially, and to exercise informed good faith on her behalf which he breached, particularly with regard to the divorce action. Plaintiffs alleged that as a consequence of defendants' legal malpractice and Munger's breach of fiduciary duties, Angela and her special needs trust were substantially shorted and she and her family suffered economic and non-economic damages.

On June 11, 2014, defendants moved for summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10). Defendants argued that plaintiffs' legal malpractice and breach of fiduciary duty claims regarding the guardianship and conservatorship were barred by collateral estoppel because the issues were identical to the issues raised in the January 2012 removal petition the Marzellas filed. And an evidentiary hearing resulted in a ruling by Judge Hallmark that "Munger did nothing wrong." Because this ruling was not appealed, plaintiffs were collaterally estopped from relitigating the same claims. Further, defendants argued, plaintiffs' legal malpractice and breach of fiduciary duty claims premised on the alleged unreasonableness of the divorce settlement were also barred by collateral estoppel because Judge Hallmark approved the divorce settlement.

Plaintiffs responded to defendants' motion for summary disposition, arguing that their legal malpractice and breach of fiduciary duty claims were not barred by collateral estoppel because they were never actually litigated. The only issues considered as a result of the Manzellas' January 2012 petition was whether it was in Angela's best interests for Munger to be removed as Angela's guardian and whether Angela should be placed with them rather than in an institution. Further, the other defendants were not involved in that matter and the divorce was not even final at that time. The issues whether legal malpractice was committed and whether Munger breached his fiduciary duties were never considered by the probate court and were never the subject of a final judgment. Accordingly, the doctrine of collateral estoppel did not bar this action.

On July 30, 2014, oral arguments were heard on defendants' motion for summary disposition. On October 1, 2014, the trial court issued its opinion and order granting defendants' motion for summary disposition. The court held that plaintiffs' claims regarding defendants alleged legal malpractice and Munger's alleged breach of fiduciary duties "encompass the same issues that Judge Hallmark considered and ruled upon during the two-day removal hearing that she held regarding the January 2012 removal petitions in the guardianship and conservatorship matters." The court set forth the various allegations made in the removal petition and concluded that plaintiffs "make identical claims in the instant case." Thus, the court held, plaintiffs had a full and fair opportunity to litigate the issues pertaining to the handling of the guardianship and conservatorship matters and they were barred by collateral estoppel. And because Judge Hallmark approved the divorce settlement, determining that it was fair and equitable, plaintiffs were collaterally estopped from relitigating their claim that the divorce settlement was unfair. Accordingly, defendants' motion for summary disposition was granted. Plaintiffs' motion for reconsideration was denied and this appeal followed.

## II. STANDARD OF REVIEW

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 424; 751 NW2d 8 (2008). "We review a trial court's decision to grant summary disposition pursuant to MCR 2.116(C)(7) by considering the affidavits, pleadings, and other documentary evidence and construing them in the light most favorable to the nonmoving party." *Barrow v Pritchard*, 235 Mich App 478, 480; 597 NW2d 853 (1999). Whether collateral estoppel prevents a party from challenging an issue addressed in a prior proceeding involves a question of law and is reviewed de novo. *Horn v Dep't of Corrections*, 216 Mich App 58, 62; 548 NW2d 660 (1996).

## III. COLLATERAL ESTOPPEL

Plaintiffs contend that the trial court erred in granting summary disposition on the ground that collateral estoppel barred the action. We agree.

"Collateral estoppel bars relitigation of an issue in a new action arising between the same parties or their privies when the earlier proceeding resulted in a valid final judgment and the issue in question was actually and necessarily determined in that prior proceeding." *Leahy v Orion Twp*, 269 Mich App 527, 530; 711 NW2d 438 (2006).

> Generally for collateral estoppel to apply three elements must be satisfied: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment; (2) the same parties must have had a full and fair opportunity to litigate the issue; and (3) there must be mutuality of estoppel. Mutuality of estoppel requires that in order for a party to estop an adversary from relitigating an issue that party must have been a party, or in privy to a party, in the previous action. In other words, the estoppel is mutual if the one taking advantage of the earlier adjudication would have been bound by it, had it gone against him. [*Monat v State Farm Ins Co*, 469 Mich 679, 682-684; 677 NW2d 843 (2004) (internal quotations, citations, and alterations omitted).]

The doctrine of collateral estoppel does not bar plaintiffs' action against defendants. First, the Marzellas' January 2012 petition filed pursuant to MCL 700.5310(2) which sought to remove Munger as Angela's guardian and to allow the Marzellas to care for their daughter was not equivalent to a civil action raising claims of legal malpractice and breach of fiduciary duties on behalf of Angela that were litigated to a valid, final judgment. Defendants failed to establish that a petition filed by "a person interested in the ward's welfare," as permitted by MCL 700.5310(2), is equivalent to a complaint that initiates an adversarial proceeding between the guardian and the ward that culminates in the adjudication of legal claims a ward may have had against a guardian. And the fact that an evidentiary hearing was conducted in this case does not satisfy the requirement that the parties have "a full and fair opportunity to litigate the issues" whether Munger committed malpractice or breached fiduciary duties owed to Angela as her guardian. For example, no discovery was even conducted before this evidentiary hearing. Simply stated, the probate court's decision not to remove Munger as Angela's guardian following the evidentiary hearing was not tantamount to a finding that Munger did not commit malpractice or breach fiduciaries duties owed to Angela. And the Manzellas actually did prevail

in part on their petition because the probate court did order that Angela be placed in the Marzellas' care. Further, the evidentiary hearing pertained solely to Munger continuing on as Angela's guardian, not as her conservator. Thus, allegations of legal malpractice and breach of fiduciary duties premised on Munger's conduct as Angela's conservator were also clearly not "litigated."

Second, at the time of this February 2012 evidentiary hearing on the Marzellas' petition to remove Munger as Angela's guardian, the divorce between Angela and Todd was not even final; thus, plaintiffs' legal malpractice claim against *all* defendants premised on the divorce proceedings could not have been litigated through the probate court proceeding on the Marzellas' petition to remove Munger as Angela's guardian.

Third, defendants have cited no legal authority for the argument that a court's "approval" of a divorce settlement precludes an action asserting legal malpractice and breach of fiduciary duty claims against the former guardian or conservator who had represented an incapacitated person's interests in that divorce action. Defendants rely on *Boonstra v Boonstra*, 209 Mich App 558, 563; 531 NW2d 777 (1995), for the proposition that "a court must 'arrive at a property settlement that is fair and equitable in light of all the circumstances.'" But property settlements reached by consent of the parties cannot be modified by the court, whether or not fair and equitable. *Quade v Quade*, 238 Mich App 222, 226; 604 NW2d 778 (1999). That is, the court is bound to uphold such settlements. *Myland v Myland*, 290 Mich App 691, 700; 804 NW2d 124 (2010). And in this case, a property settlement was reached between Todd and Munger, who was acting as Angela's guardian. The court did not "arrive at a property settlement." *Boonstra*, 209 Mich App at 563. Munger then advised the court that he believed the settlement he eventually reached with Todd was in Angela's best interests. And that settlement was not made part of the probate court record. The legal malpractice claim brought against Munger and the other defendants on behalf of Angela challenge the divorce settlement as being unfair and inequitable considering the marital assets and other circumstances. This claim was never raised or actually litigated to final judgment; thus, it is not barred by collateral estoppel.

Defendants rely on several cases in support of their claim that collateral estoppel barred this action in its entirety, but all of those cases are factually distinguishable. For example, defendants rely on *Alterman v Provizer, Eisenberg, Lichtenstein & Pearlman, PC*, 195 Mich App 422; 491 NW2d 868 (1992). In that case, the plaintiff agreed to settle his federal lawsuit and then later moved to set aside the settlement on the ground that he was mentally incompetent when he entered into it. *Id*. at 423. After his motion was denied, the plaintiff sued his former attorneys alleging that they committed malpractice in allowing him to settle his federal case while he was mentally incompetent. *Id*. at 423-424. Because the issue whether the plaintiff was competent to enter into the settlement agreement was decided in the federal case, i.e., his motion to set aside the settlement was denied, collateral estopped barred the legal malpractice claim which attempted to relitigate the same issue. *Id*. at 427.

Defendant also relies on *Knoblauch v Kenyon*, 163 Mich App 712; 415 NW2d 286 (1987). In that case, the plaintiff had been convicted of a crime and lost an ineffective assistance of counsel claim. *Id*. at 714. He then filed a legal malpractice case against his criminal defense attorney. This Court held: "where a full and fair determination has been made in a previous criminal action that the client received the effective assistance of counsel, the defendant-attorney

in a subsequent civil malpractice action brought by the same client may defensively assert collateral estoppel as a bar." *Id*. at 725.

Defendant relies on several unpublished cases, like *Adell v Schafter*, unpublished opinion per curiam of the Court of Appeals, issued February 28, 2006 (Docket No. 264730). In that case, the plaintiff was sanctioned for filing an involuntary bankruptcy petition in bad faith. The bankruptcy court had rejected his argument that the filing was his attorneys' fault. The plaintiff then filed a legal malpractice action premised on the same argument. This Court noted that "a defendant-attorney in a malpractice action may assert collateral estoppel where the effectiveness or competency of the defendant's representation has already been determined in another proceeding." *Id*., slip op 1. And this Court concluded that collateral estoppel barred the action.

The cases relied upon by defendants in support of their claim that collateral estoppel barred both the legal malpractice and breach of fiduciary duty claims are not persuasive. In this case, the underlying court action relied upon by defendants was a guardianship proceeding initiated by petition—not a civil complaint or criminal information—and only resulted in a hearing, not a "litigation." Plaintiffs never had a "full and fair opportunity to litigate" the issues underlying their claims; those issues of fact were never "actually litigated" in a prior cause of action that resulted in a valid final judgment. *Monat*, 469 Mich at 682-684; *Leahy*, 269 Mich App at 530. "Collateral estoppel conclusively bars only issues 'actually litigated' in the first action. A question has not been actually litigated until put into issue by the pleadings, submitted to the trier of fact for a determination, and thereafter determined." *VanDeventer v Mich Nat'l Bank*, 172 Mich App 456, 463; 432 NW2d 338 (1988). Thus, the trial court's application of collateral estoppel to bar plaintiffs' legal malpractice and breach of fiduciary duty claims was erroneous and the order granting defendant's motion for summary disposition is reversed.

Reversed and remanded for further proceedings. We do not retain jurisdiction. Plaintiffs are entitled to costs. See MCR 7.219(A).

/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood