**Charles B. SANDERS, Jr. Plaintiff Below–Appellant,**

**v.**

**John S. MALIK, Esq., Defendant Below–Appellee.**

**No. 539, 1997.**

Supreme Court of Delaware.

Submitted: May 2, 1998.
Decided: June 9, 1998.

---

Charles B. Sanders, Jr., Georgetown, for appellant (pro se).

John S. Malik, Wilmington, for appellee (pro se).

Before HOLLAND, HARTNETT, and BERGER, JJ.

HARTNETT, Justice:

Charles B. Sanders, Jr. appeals from an Order of the Superior Court that dismissed under the doctrine of collateral estoppel his legal malpractice lawsuit against the attorney who represented him in a criminal case. The appeal is without merit and we **AFFIRM**.

### Facts

In 1994, a Superior Court jury convicted Sanders of first degree robbery, first degree burglary, second degree assault, attempted sexual extortion, and second degree kidnaping. The Superior Court sentenced Sanders to 40 years in jail. Appellee, John S. Malik, Esquire, represented Sanders at his trial but was permitted by this Court after trial to withdraw as Sanders' counsel and a different attorney represented Sanders in his direct appeal. This Court affirmed Sanders' convictions.[1]

In 1995 Sanders filed a motion for postconviction relief and a motion for a new trial that, together, alleged 15 claims for relief, although many of the claims overlapped. Those motions were referred to a Superior Court Commissioner for proposed findings and recommendations.[2] The Commissioner recommended that all of the claims in Sanders' postconviction motion be denied because the claims either were procedurally barred or were without merit. The Commissioner further recommended that the motion for new trial be denied because it failed to set forth newly discovered evidence to warrant a new trial. The Superior Court adopted the Commissioner's findings and recommendations and denied Sanders' motions. This Court affirmed the Superior Court's decision on appeal.[3]

On October 22, 1997, Sanders filed a civil complaint in the Superior Court alleging that he had been wrongly convicted as a result of Malik's legal malpractice. Specifically, Sanders asserted that Malik conducted an inadequate pretrial investigation and that Malik failed to move for suppression of a second, post-indictment photographic lineup at which Malik was not, but should have been, present. The Superior Court found that these same issues had been presented by Sanders and rejected by the Superior Court in Sanders' postconviction proceedings. The Superior Court, therefore, concluded that Sanders was collaterally estopped from raising the issues again in his malpractice action.[4] This appeal followed.

### Collateral Estoppel

The doctrine of collateral estoppel essentially prohibits a party who has litigated one cause of action from relitigating in a second cause of action matters of fact that were, or necessarily must have been, determined in the first action.[5] A claim will be collaterally estopped only if the same issue was presented in both cases, the issue was litigated and decided in the first suit, and the determination was essential to the prior

1. *Sanders v. State*, Del.Supr., No. 256, 1994, Berger, J., 1995 WL 264532 (May 1, 1995) (ORDER).

2. 10 Del. C. § 512(b); Super. Ct.Crim. R. 62.

3. *Sanders v. State*, Del.Supr., No. 76, 1996, Walsh, J., 1996 WL 209901 (Apr. 24, 1996) (ORDER).

4. *Sanders v. Malik*, Del.Super., C.A. No. 97C–10–231, 1997 WL 817854 (Nov. 21, 1997).

5. *Acierno v. New Castle County*, Del.Supr., 679 A.2d 455, 459 (1996).

judgment.[6] The defendant in the second lawsuit may properly assert the defense of collateral estoppel to prevent the plaintiff from litigating issues that the plaintiff previously litigated and lost, even though the defendant himself was not a party to the first proceeding.[7]

### Ineffective Assistance of Counsel
### Legal Malpractice

 The standards for proving ineffective assistance of counsel in a criminal proceeding are equivalent to the standards for proving legal malpractice in a civil proceeding.[8] It therefore was appropriate in this case for the Superior Court to have applied the doctrine of collateral estoppel if the issue of Malik's competency actually was litigated and decided in Sanders' criminal proceedings.[9] In Sanders' case, his present allegations, in all material respects, encompass the allegations of ineffective assistance of counsel that were raised and rejected by the Superior Court in his postconviction proceedings. It does not matter that Sanders raised only some, but not all, of these issues when he appealed to this Court from the Superior Court's postconviction ruling. The Superior Court's postconviction ruling was a valid, final judgment on the issues he now raises. He raises no new material contentions. Under the circumstances, we agree with the Superior Court's holding that Sanders' civil lawsuit was barred by the doctrine of collateral estoppel.

The judgment of the Superior Court is therefore **AFFIRMED.**

---

**6.** *Id.*

**7.** *Parklane Hosiery v. Shore*, 439 U.S. 322, 328, 99 S.Ct. 645, 650, 58 L.Ed.2d 552 (1979).

**8.** *McCord v. Bailey*, D.C.Cir., 636 F.2d 606, 609 (1980), *cert. denied*, 451 U.S. 983, 101 S.Ct. 2314, 68 L.Ed.2d 839 (1981).

