# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| Plaintiff, | ) | |
| *ex rel.* | ) | |
| | ) | |
| WILLIAM SEAN FRENCH, | ) | |
| | ) | **C.A. No. N17C-07-313 PRW** |
| Plaintiff-Relator, | ) | **CCLD** |
| | ) | |
| v. | ) | |
| | ) | |
| CVS HEALTH CORPORATION, | ) | |
| *et al.* | ) | |
| Defendants. | ) | |

Submitted: July 2, 2019
Decided: September 24, 2019

*Upon Defendant CVS Health Corporation's Motion to Dismiss,*
**GRANTED.**

*Upon Defendants Card Compliant, LLC,*
*Card Compliance Holding Company, LLC, Card Compliance, LLC,*
*CardFact Acquisition Co., LLC, and CardFact 25, Inc.'s*
*Motion to Dismiss,*
**GRANTED.**

*Upon Defendants Vacation Properties United, Ltd.*
*and The Factoring Company's Motion to Dismiss,*
**GRANTED.**

Bruce E. Jameson, Esquire, Samuel L. Closic, Esquire, Wilmington, Delaware, Prickett, Jones & Elliott, P.A., Justin S. Brooks, Esquire, Guttman, Buschner & Brooks PLLC, Wilmington, Delaware, Elizabeth H. Shofner, Esquire (*pro hac vice*), Guttman & Buschner & Brooks PLLC, Washington, D.C., Attorneys for Plaintiff-Relator William Sean French.

Kenneth J. Nachbar, Esquire, Michael Houghton, Esquire, Matthew R. Clark, Esquire, Barnaby Grzaslewicz, Esquire, Morris, Nichols, Arsht & Tunnell LLP, Wilmington, Delaware, Ethan D. Miller, Esquire (*pro hac vice*), Jason D. Popp, Esquire (*pro hac vice*), Gavin Reinke, Esquire (*pro hac vice*), Alston & Bird LLP, Attorneys for CVS Health Corporation.

Stephen E. Jenkins, Esquire, Catherine Gaul, Esquire, F. Troupe Mickler, IV, Esquire, Ashby & Geddes, Wilmington, Delaware, Attorneys for Card Compliant, LLC, Card Compliance Holding Company, LLC, Card Compliance, LLC, CardFact Acquisition Co., LLC, and CardFact 25, Inc.

Brian E. Farnan, Esquire, Farnan LLP, Wilmington, Delaware, Attorneys for Vacation Properties United Ltd. and The Factoring Company.

**WALLACE, J.**

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

On August 7, 2017, Plaintiff-Relator William Sean French filed this *qui tam* civil action under the Delaware False Claims and Reporting Act ("DFCRA").[1] French claims that together Defendant CVS Health Corporation ("CVS Health"); Vacation Properties United, Ltd. ("VPU"); The Factoring Company ("TFC"); and Defendants Card Compliant LLC; Card Compliance Holding Company, LLC; Card Compliance LLC; CardFact, Ltd.; CardFact Acquisition Co., LLC; and CardFact 25, Inc. (all Defendants that are not CVS entities will most-often be referred herein collectively as the "Card Services Defendants") devised a contractual scheme to defraud the State of Delaware out of money from unredeemed gift cards issued by CVS Health to which the State was lawfully entitled under Delaware's Unclaimed Property Law ("DUPL").[2]

Defendant CVS Health, the Card Services Defendants, and Defendants VPU and TFC each filed Motions to Dismiss the Original Complaint on August 31, 2018. However, those motions were mooted after French filed his first amended complaint

---

[1] DEL. CODE ANN. tit. 6, §§ 1201-1211 (2017). The State of Delaware filed its Notice of Intent to Decline Intervention on December 8, 2017. (D.I. 6.) And so, French forges forward in this matter on his own. *See* DEL. CODE ANN. tit. 6, § 1203(b)(4)(b) (when the Attorney General declines to take over an initiated DFRCA the action, the private party bringing the action shall have the right to conduct the action).

[2] DEL. CODE ANN. tit. 12, §§ 1130-1190 (2017). Hereinafter, CVS Health and the Card Services Defendants (including Vacation Properties and The Factoring Company) may, for convenience sake, be collectively referred to as "Defendants."

on October 18, 2018 (the "Amended Complaint").[3] Currently before the Court are the corresponding Motions to Dismiss the Amended Complaint filed by the three groups of Defendants.[4] For the reasons set forth herein, the Defendants' Motions to Dismiss are **GRANTED**.

## II. FACTUAL BACKGROUND

Defendant CardFact Ltd. was incorporated in 2003 in the State of Ohio.[5] CardFact operated out of French's home from 2007 until Defendant Card Compliant, LLC purchased its card services business in September 2009. Card Compliant, LLC carried on CardFact's business while CardFact's original owners continued to conduct business under a new name, Vacation Properties United, Ltd.[6] The

---

[3]     D.I. 1.

[4]     Def. CVS Health Corp.'s Mot. to Dismiss (Nov. 5, 2018) (D.I. 36) [hereinafter, "CVS Health's Op. Br."]; Def. Card Services' Mot. to Dismiss (Nov. 5, 2018) (D.I. 37) [hereinafter, "Card Services Defs.' Op. Br."]; Def. Vacation Properties United Ltd. and The Factoring Co.'s Mot. to Dismiss (Nov. 5, 2018) (D.I. 38) [hereinafter "VPU and TFC Op. Br."].

[5]     *See* Relator's Am. Compl. ¶ 32 (Oct. 8, 2018) (D.I. 29) [hereinafter, "Am. Compl."]. The underlying facts of the alleged conspiracy to defraud the State of Delaware advanced by French are well-known to the Court. In *State ex rel. French v. Card Compliant, LLC, et. al.*, an action initially filed in this Court in 2013, Relator pursued identical claims against the Card Services Defendants and other retailers. Accordingly, the facts in the instant matter are derived from that action with the differences noted. 2015 WL 11051006 (Del. Super. Ct. Nov. 23, 2015) [hereinafter, "*Card Compliant I*"]; 2017 WL 1483523 (Del. Super. Ct. Apr. 21, 2017) [hereinafter, "*Card Compliant II*"]; 2018 WL 4183714 (Del. Super. Ct. Apr. 30, 2018) [hereinafter, "*Card Compliant III*"].

[6]     Am. Compl. ¶¶ 44, 45, 56.

Factoring Company was formed by CardFact's original owners in the Cayman Islands.[7]

CVS Health and its affiliates and subsidiaries have sold hundreds of millions of dollars per year in CVS gift cards to customers throughout the United States since at least 2003.[8] The beneficiaries of such gift cards are entitled to use the gift cards to purchase goods and services at CVS but often fail to use the full value of the gift cards, leaving unused money on the cards.[9] Under the DUPL, a holder[10] of the unredeemed value from gift cards that have not been used for five years is required to report and transfer that value to the Delaware State Escheator.[11]

On or about October 2, 2008, CVS Pharmacy, Inc. ("CVS Pharmacy") entered into a Card Services Agreement ("CSA") with CardFact, Ltd.[12] CVS Pharmacy, a Rhode Island corporation, is a wholly-owned subsidiary of CVS Health, a Delaware

---

[7]     Am. Compl. ¶ 39.

[8]     Am. Compl. ¶ 2.

[9]     *Id.*

[10]    A "holder" means "any person having possession, custody or control of the property of another person." DEL. CODE ANN. tit. 12, § 1130(9) (2017). Because beneficiaries have ownership of the cards' value, retailers and financial services companies administering gift card programs are "holders" within the meaning of the statute if they have possession. *See Card Compliant I* at *3. ("The property at issue does not belong to the [issuer], much less [the servicer]. They do not even have a residual claim to it.").

[11]    DEL. CODE ANN. tit. 12, §§ 1133, 1142-44, 1157 (2017).

[12]    Am. Compl. ¶¶ 7.

corporation.[13] The CSA was signed by CVS Pharmacy, and negotiated and signed by a CVS Health employee and CardFact's Chief Executive Officer on behalf of the CVS entities and the Card Services Defendants, respectively.[14] The CSA binds all subsidiaries and affiliates of CVS Pharmacy, including its parent company CVS Health (collectively, "CVS"), to its terms.[15] CVS Health employees managed the gift card program and the relationship with the Card Services Defendants.[16]

French alleges that since January 2008, CVS Health has intentionally failed to report and transfer the value of unclaimed CVS gift cards and instead has conspired with the Card Services Defendants to falsely portray the Card Services Defendants as the holders of the unredeemed gift cards in an effort to hide this unclaimed property from Delaware.[17] Under this arrangement, CVS issued and sold the gift cards, collected and retained the money from the gift cards, and never transferred any money to the Card Services Defendants other than a small annual fee.[18] As a result, CVS Health retained any money not redeemed by the beneficiary

---

[13]     *Id.* ¶ 9.

[14]     *Id.* ¶¶ 7-8.

[15]     *Id.* ¶ 7.

[16]     *Id.*

[17]     *Id.* ¶¶ 4-5.

[18]     *Id.* ¶¶ 12, 118.

of the CVS gift cards.[19] According to French, this scheme demonstrates that the CSA is a sham created "for the express purpose of enabling CVS to retain the unused value of the gift cards" in violation of DUPL.[20]

On September 19, 2013, CVS Health[21] received a Notice of Examination from the State informing the company that Kelmar Associates on behalf of the State would be conducting an examination to determine CVS Health's compliance with DUPL (the "examination" or "audit").[22] The notice stated that the "examination [would] relate to all property subject to escheat" under Delaware law and requested CVS Health "issue a litigation hold notice so that all records including . . . gift certificate issuances and redemptions, etc. [would] be retained."[23] During the course of the examination, Kelmar requested information concerning, *inter alia*, the following:

---

[19]     *Id.* ¶ 11.

[20]     Am. Compl. ¶¶ 10, 14.

[21]     At the time the company was notified that the State wanted to examine its books and records to determine compliance with DUPL, CVS Health was known as CVS Caremark Corporation. Am. Compl. ¶ 21.

[22]     Ex. F of CVS Health's Op. Br. At the time this audit commenced in September 2013, the State Escheator's examination powers and duties relating to unclaimed property were found at 12 *Del. C.* § 1155, *et seq.* Those provisions have since been amended and re-designated elsewhere in Title 12. *See* 81 DEL. LAWS c. 1, § 2 (effective Feb. 2, 2017) (Delaware's State Escheator's unclaimed property examination powers and duties are now found at 12 *Del. C.* § 1171, *et seq.*).

[23]     Ex. F of CVS Health's Op. Br.

Identify all current and historical store value card programs [and] all current and historical stored value card programs that utilize a transaction processing third party or service provider.[24]

\* \* \*

Explain whether CVS, CardFact 25 Inc. or any other entity has reported unredeemed gift certificates or gift cards as unclaimed property on behalf of CVS to any state . . . .

Provide any agreement(s) or contract(s) including all exhibits, addendums and amendments between CVS and CardFact 25, Inc.[25]

In response to each request, CVS Health provided detailed information and copies of relevant documents, including a copy of the CSA at issue in the instant action.[26]

On December 7, 2017, CVS entered into a Voluntary Disclosure Agreement ("VDA") with the State under 12 *Del. C.* § 1173.[27] That VDA was subsequently accepted by the State.[28] Section 1173 authorizes the Secretary of State to "resolve and compromise claims for property otherwise owing to the State Escheator" and

---

[24] Ex. G of CVS Health's Op. Br. ("For purposes of this request, the term 'stored value card' is generic and is intended to include any tangible device and/or equivalent intangible account balance, including gift certificates, gift cards, merchandise credits, and any similar instruments identified by any other term or description.").

[25] Ex. I of CVS Health's Op. Br.

[26] Ex. H, J of CVS Health's Op. Br.

[27] Ex. K of CVS Health's Op. Br.

[28] *See* Ex. J. ¶ 1 of CVS Health's Op. Br.

provides the Secretary of State with "full and complete authority to determine and resolve all such claims."[29]

## III. STATUTORY PROVISIONS APPLICABLE TO DFCRA VIOLATIONS

Through a series of cases, the United States Supreme Court has established rules for determining which State is permitted to escheat abandoned property in the face of competing claims.[30] The primary rule provides that the right to escheat belongs to "the State of the last known address of the creditor, as shown by the debtor's books and records."[31] Where no address is recorded, or the creditor's state does not provide for escheat of the property, the secondary rule bestows the right to escheat upon "the debtor's State of corporate domicile."[32] These rules apply to disputes between States as well as disputes between private parties and States.[33] Because this case does not implicate the primary rule, the secondary controls.[34] As

---

[29]    DEL. CODE ANN. tit. 12, § 1173(a), (a)(2) (2017).

[30]    *Delaware v. New York*, 507 U.S. 490 (1993); *Texas v. New Jersey*, 379 U.S. 674 (1965); *Pennsylvania v. New York*, 407 U.S. 206 (1972).

[31]    *Texas v. New Jersey*, 379 U.S. at 631.

[32]    *Id.*

[33]    *See Card Compliant I*, at *2 n.14.

[34]    *Id.* at *3 ("Here, it is assumed that the unused gift card owners' addresses were not recorded, so the primary rule is not implicated.").

such, Delaware has the right to escheat money from unused gift cards so long as the debtor is a Delaware company.[35]

The instant matter involves alleged violations of DFCRA's Sections 1201(a)(3), (4), and (7). Section 1201(a)(4) imposes liability on any person who "[h]as possession, custody or control of property or money used or to be used by the Government and knowingly delivers or causes to be delivered, less than all of that money or property."[36] Section 1201(a)(7) provides for liability for one who "[k]nowingly makes, uses, or causes to be made or used a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government."[37] Lastly, Section 1201(a)(3) imposes liability on any person who "[c]onspires to commit a violation" of Section 1201—this would include any violation of Sections 1201(a)(4) and (7).[38]

---

[35]    *Id.*

[36]    DEL. CODE ANN. tit. 6, § 1201(a)(4) (2017).

[37]    *Id.* at § 1201(a)(7).

[38]    *Id.* at § 1201(a)(3).

## IV. PARTIES' CONTENTIONS

CVS Health sets forth the following arguments for dismissal:

(1) French's claims are barred because the VDA involves the same "allegations or transactions" at issue in this case and indisputably constitutes an "administrative proceeding" within Section 1206(a) under *Card Compliant II*.[39]

(2) CVS Pharmacy, a Rhode Island corporation, entered into the CSA rather than CVS Health.[40]

(3) French's claims are also barred under Section 1206(a) because this action is "based upon allegations or transactions" at issue in *Card Compliant III*, of which the government was a party.[41]

(4) Section 1203(b)(5) precludes French's claims because this action is "based on the facts underlying" *Card Compliant III*, which was pending at the time this action commenced.[42]

(5) The claim under Section 1201(a)(4) must fail because the Amended Complaint lacks allegations of conversion.[43]

(6) The Section 1201(a)(3) claim must be dismissed as time-barred or alternatively for failure to satisfy the heightened pleading standard required for such claims.[44]

---

[39] CVS Health Op. Br., at 22-27. The DFCRA bars *qui tam* suits based upon allegations or transactions which are the subject of a civil suit or administrative proceeding of which the government is already a party. DEL. CODE ANN. tit. 6, § 1206(a) (2017).

[40] CVS Health Op. Br., at 8-15.

[41] *Id.* at 15-21.

[42] *Id.*

[43] *Id.* at 28-31.

[44] *Id.* at 31-33.

The Card Services Defendants join CVS Health's arguments and further submit that French's claims should be barred for lack of personal jurisdiction over the absent cardholders.[45] Defendants VPU and TFC also join the arguments by CVS Health and assert two additional arguments: (1) French's claims are time-barred under 6 *Del. C.* § 1209(a),[46] and (2) Delaware does not have personal jurisdiction over VPU or TFC.[47]

## V.    STANDARD OF REVIEW

Under Superior Court Civil Rule 12(b)(1), the Court must dismiss an action for lack of subject matter jurisdiction if it appears from the record that the Court does not have jurisdiction over the claims.[48] "The burden of establishing the Court's subject matter jurisdiction rests with the party seeking the Court's intervention."[49] "When reviewing a claim for lack of subject matter jurisdiction, the Court 'need not

---

[45]    Card Services Defs.' Op. Br., at 2-13.

[46]    Def. VPU and TFC's Mot. to Dismiss at 2-8 (Dec. 27, 2018) (D.I. 49) [hereinafter, "VPU and TFC's Op. Br."].

[47]    *Id.* at 9-13.

[48]    Del. Super. Ct. Civ. R. 12(b)(1); Del. Super. Ct. Civ. R. 12(h)(3); *Airbase Carpet Mart, Inc. v. AYA Assocs., Inc.,* 2015 WL 9302894, at *2 (Del. Super. Ct. Dec. 15, 2015), *aff'd* 2016 WL 4938890 (Del. Sept. 16, 2016).

[49]    *Maloney-Refaie v. Bridge at School, Inc.,* 958 A.2d 871, 882 (Del. Ch. 2008) (citing *Ropp v. King,* 2007 WL 2198771, at *2 (Del. Ch. July 25, 2007)).

- 12 -

accept Plaintiff's factual allegations as true and is free to consider facts not alleged in the complaint.'"[50]

## VI. DISCUSSION

### A. THE PRECLUSIVE EFFECT OF 6 *DEL. C.* § 1206(A) AS TO CVS.

Six *Del. C.* § 1201(c) provides the Superior Court jurisdiction over all violations of the DFCRA. Certain DFCRA actions, however, are barred under 6 *Del. C.* § 1206—including those "based upon allegations or transactions which are the subject of a civil suit or an administrative proceeding in which the government is already a party."[51] The federal parallel of this section, referred to as the Government Action Bar, functions to prohibit *qui tam* actions "that are parasitic in that they duplicate the State's civil suits or administrative proceedings without giving the government any useful return, other than the potential for additional monetary recovery."[52]

---

[50] *Ramunno & Ramunno, P.A. v. Potter*, 2016 WL 2982367, at *2 (Del. Super. Ct. May 11, 2016) (quoting *Appriva Shareholder Litigation Co., LLC v.EV3, Inc.*, 937 A.2d 1275, 1285 n. 14 (Del. 2007)).

[51] DEL. CODE ANN. tit. 6, § 1206(a) (2017).

[52] *People ex rel. Lindblom v. Sears Brands, LLC*, 105 N.E.3d 934, 937 (Ill. App. Ct. 2018). Because the DFCRA is modeled after the federal False Claims Act ("FCA"), the Court looks to federal case law for guidance in interpreting the DFCRA. *See Card Compliant I*, at *6 ("Delaware authority interpreting the DFCRA is scant. Since the DFCRA is modeled after the federal False Claims Act, the court will look to federal case law for guidance."); *State ex rel. Higgins v. SourceGas, LLC*, 2012 WL 1721783, at *4 (Del. Super. Ct. May 15, 2012) ("[T]here is a dearth of Delaware authority interpreting the DFCRA. Because the DFCRA is modeled after the federal False Claims Act ("FCA"), the Court will look to the FCA's legislative history, as well as federal case law, for guidance in interpreting the DFCRA."); *State Dep't of Labor- Div. of Unemployment*

- 13 -

Defendants argue that because CVS Health has been subject to an Unclaimed Property Examination by the State of Delaware since September 2013, French's claims are precluded by DFCRA's § 1206(a). These Defendants invoke *Card Compliant II*[53] where—under Section 1206(b)[54] and nearly identical facts—this Court dismissed French's claims against Defendant Ralph Lauren Corporation.[55]

In *Card Compliant II*, following a thorough analysis of the State's examination and VDA processes, this Court concluded that an "administrative proceeding" exists "if there is an undertaking of a compulsory nature engaged by Delaware state agency actors to inquire about, investigate, and resolve a particular state law compliance issue."[56] There the Court held:

---

*Ins. v. Pasquale*, 2015 WL 5461540, at *3 (Del. Super. Ct. Sept. 17, 2015) ("Because the DFCRA mirrors the FCA . . . this Court will look to authority interpreting and applying the FCA for guidance in addition to Delaware authority.").

[53] 2017 WL 1483523 (Del. Super. Ct. Apr. 21, 2017).

[54] In the pre-2013 DFRCA at issue in *Card Compliant II*, the applicable statutory bar was found at 6 *Del. C.* § 1206(b). *Card Compliant II*, at *1 n.3. It is now found at § 1206(a). *See* 79 DEL. LAWS c. 141, § 1 (effective July 24, 2013).

[55] CVS Health's Op. Br., at 25.

[56] *Card Compliant II*, at *12. In *Card Compliant II*, the Court referred to the whole of 6 *Del C.* § 1206(b) as the "Administrative Proceedings Bar" because the issue under those facts concerned whether the State's examinations and VDA processes constituted an "administrative proceeding" for purposes of the statute. Here, however, CVS Health and French have submitted arguments severing the text of Section 1206(a). They refer to § 1206(a)'s "civil suit" language as the "government action bar;" they refer to § 1206(a)'s "administrative proceeding" language as the "administrative proceedings bar." Because the parties' arguments for each involve substantially the same reasoning, the Court has consolidated them for clarity and convenience.

- 14 -

The bases of the Delaware Audits and VDA are potential escheatable property stemming from dormant gift card balances that Defendants supposedly owe Delaware. The basis of the instant litigation is the same—that is, dormant gift card balances. . . . As such, this suit and the Audits and VDA are "substantially based upon" the same "allegations or transactions."[57]

The Court found that Section 1206(b) applied to Ralph Lauren because in Ralph Lauren's examination "[t]he State demanded information on 'all property subject to escheat,' including anything related to Ralph Lauren's gift cards."[58] The Court also observed that the letter providing Ralph Lauren notice of the examination "required Ralph Lauren to place a litigation hold on all books and records including 'gift certificate issuances and redemptions.'"[59]

Defendants argue that, like Ralph Lauren in *Card Compliant II*, CVS Health's unclaimed property examination included all property subject to escheat under the Abandoned Property Law, including gift cards, and contained a request to issue a

---

[57] *Card Compliant II*, at *12-13 ("[A]n 'administrative proceeding' exists – for the purposes of the 2012 version of § 1206's Administrative Proceedings Bar – if there is an undertaking of a compulsory nature engaged by Delaware state agency actors to inquire about, investigate, and resolve a particular state law compliance issue."). The current version of that bar is virtually identical to "the 2012 version of § 1206's Administrative Proceedings Bar;" it has all but the single word "substantially." *See* DEL. CODE ANN. tit. 6, § 1206(b) (2012) ("In no event may a party bring an action under this chapter which is *substantially* based upon allegations or transactions which are the subject of . . . an administrative proceeding in which the Government is already a party.") (emphasis added).

[58] *Card Compliant II*, at *13.

[59] *Id.*

litigation hold which included gift cards.[60] In fact, Defendants argue that their position is even stronger than Ralph Lauren's because Kelmar expressly inquired as to CVS Health's relationship with CardFact, and CVS Health provided Kelmar the CSA that forms the basis of this lawsuit.[61] Thus, the examination "plainly involved allegations and transactions that are identical to those raised by this lawsuit."[62] And, Defendants say, because the government was a party to that examination when French filed his *qui tam* action, his claims against CVS Health are barred by Section 1206(a).[63]

French argues that *Card Compliant II* does not mandate dismissal because "[t]his is a separate case, and CVS was not a party in *Card Compliant I*, while the other Defendants did not invoke and/or did not have a basis to invoke the administrative proceedings bar in that matter."[64] French posits certain factual differences[65] suggest the Court should find that neither the State Escheator's prior

---

[60]  CVS Health's Op. Br., at 26.

[61]  *Id.*

[62]  *Id. See* Card Services Defs.' Op. Br., at 14.

[63]  CVS Health's Op. Br., at 26; Card Services Defs.' Op. Br., at 14.

[64]  Relator's Resp. to CVS Health's Op. Br., at 8-10.

[65]  French submits that notwithstanding the fact that the State Escheator's examination of the CVS entities commenced in 2013, CVS entered into its VDA only after this this action commenced and when, in his view, the final judgment in *Card Compliant* was all but determined. This he says CVS did in a vain effort to avoid DFCRA's treble damages and penalties. *Id.*

examination of any CVS entity nor CVS's 2017 VDA should be deemed an administrative proceeding precluding suit.[66]

CVS, not French, is correct here. The doctrine of collateral estoppel "prohibits a party who has litigated one cause of action from relitigating in a second cause of action matters of fact that were, or necessarily must have been, determined in the first action."[67] It applies in situations where "the same issue was presented in both cases, the issue was litigated and decided in the first suit, and the determination was essential to the prior judgment."[68] And, as noted by the Delaware Supreme Court, "[t]he defendant in the second lawsuit may properly assert the defense of collateral estoppel to prevent the plaintiff from litigating issues that the plaintiff previously litigated and lost, even though the defendant himself was not a party to the first proceeding."[69]

---

[66]  *Id.* at 10-16 ("The timing [that CVS elected to enter the VDA] strongly indicates that CVS was motivated by investigations precipitated by the institution of this action and continued escalation in *Card Compliant I* as that case proceeded to trial."). It appears to be of little moment to French when making these arguments that: (1) he filed this suit under seal and CVS wasn't even made aware of it until July 2018—about seven months after the VDA (D.I. 1, 10, and 15); or (2) the only trial resulting in an adverse "final judgment" in the *Card Compliant* case occurred three months later in October 2018.

[67]  *Sanders v. Malik*, 711 A.2d 32, 33 (Del. 1998).

[68]  *Id.* at 33-34.

[69]  *Id.* at 34.

So may Defendants here properly assert collateral estoppel to prevent French from litigating the issue of whether either a State Escheator's examination or a VDA constitute an "administrative proceeding" for DFCRA purposes because French previously litigated the same issue and lost in *Card Compliant II*, even though CVS Health was not a party to that proceeding? They may. And, as a result, French's claims must be precluded.

Because Delaware's State Escheator examination and VDA processes are administrative proceedings under 6 *Del. C.* § 1206(a), this Court does not have subject matter jurisdiction over the instant action. As a result, all counts against CVS must be **DISMISSED.**[70]

## B. THE EFFECT OF CVS'S § 1206(A) DISMISSAL ON THE CARD SERVICES DEFENDANTS.

Card Services Defendants assert that the claims against them should be dismissed because CVS is already subject to a State examination and VDA for the same property thus triggering "the due process restriction against double escheat."[71] Card Services Defendants contend that "the DFCRA itself, through Section 1206(a),

---

[70] The Court need not address any of CVS's other arguments because this action against it is dismissed in whole by direct application of § 1206(a)'s statutory bar.

[71] Card Services Defs.' Op. Br., at 13-14 (citing *Texas v. New Jersey*, 379 U.S. 674, 676 (1965) ("[T]he Due Process Clause of the Fourteenth Amendment prevents more than one State from escheating a given item of property.")).

- 18 -

elected to give precedence to the administrative proceeding, and the double escheat rule simply tracks that statutory procedure."[72]

French argues that Card Services Defendants' concern of double recovery is not at issue under these facts because the Card Services Defendants are not subject to a VDA and are therefore not subject to any prospect of payment for their wrongdoing with CVS outside of this proceeding.[73] To invoke the Section § 1206(a) bar, according to French, would allow Card Services Defendants to escape liability for their role in the fraudulent scheme.[74]

The Court is mindful here that French's is a "reverse false claims" action—*i.e.*, not one where the alleged violator (CVS) submitted false claims for payment, but withheld payment due the State.[75] And, the Court understands well that French alleges that the Card Services Defendants' liability is premised on a Section

---

[72] *Id.* at 15.

[73] Relator's Answ. Br. to Card Services Defs.' Mot. to Dismiss, at 12-13.

[74] *Id.* at 13.

[75] *See State ex. rel. Higgins v. SourceGas, LLC,* 2012 WL 1721783, at *5 (Del. Super. Ct. May 15, 2012) (Explaining that a violation of 6 *Del. C.* § 1201(a)(7)—where one "knowingly makes, uses, or causes to be made or used a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government"—is termed a "reverse false claim" because the "defendant's action does not result in improper payment by the government to the defendant, but instead results in no payment to the government when a payment is obligated."). *See State ex. rel French v. Overstock,* 2019 WL 2714835, at * 4 (Del. Super. Ct. June 28, 2019) (observing that the allegations French has made against retailers relating to gift card balance withholdings are "'reverse' false claims").

1201(a)(3) conspirator theory.[76] But the Court must weigh those considerations, the specifics of the alleged conduct, the applicable DUPL and DFCRA provisions, and the purpose behind all of those DUPL and DFCRA provisions.

The purpose of the §1206(a) bar is to prevent double recovery by parasitic suits.[77] "Parasitic" actions are those that "receiv[e] support, advantage, or the like from the 'host' case (in which the government is a party) 'without giving any useful or proper return to the government.'"[78] A *qui tam* action has the potential for "useful or proper return" to the government if "(1) it seeks recovery from the alleged defrauders of the government for fraud that has not yet been the subject of a claim by the government; and (2) it has the potential to restore money to the public fisc that would not and could not have been restored [otherwise]."[79]

Like the examination and VDA processes, this suit seeks to recover escheatable property that is believed to be owed to the State by the CVS entities.[80]

---

[76] DEL. CODE ANN. tit. 6, § 1201(a)(3) (2017) (providing liability for one who "[c]onspires to commit a violation of" any other provision of § 1201(a)).

[77] *See Card Compliant II*, at *12; *see also United States ex rel. Dorsey v. Dr. Warren E. Smith Cmty. Mental Health/Mental Retardation & Substance Abuse Ctrs.*, 1997 WL 381761, at *3 (E.D. Pa. June 25, 1997) (discussing the purpose behind 31 U.S.C. § 3730(e)(3)).

[78] *United States ex. rel. S. Prawer and Co. v. Fleet Bank of Maine*, 24 F.3d 320, 327-28 (1st Cir. 1994).

[79] *Id.* at 329. *See also Card Compliant II*, at *12.

[80] *Card Compliant II*, at *13.

So this suit "would not restore any money to Delaware that would not be restored via the proper completion of the ongoing Audit[] and VDA."[81]  And so, the Court finds that this action where leveled against the Card Service Defendants provides no useful or proper return to the State because it is inarguably based upon the precise same allegations or transactions at issue in the State Escheator's CVS examination and CVS's VDA.[82]  Accordingly, the preclusive effect of 6 *Del. C.* § 1206(a) prohibits the Court from exercising jurisdiction over the instant action against Defendants Card Compliant LLC, Card Compliance Holding Company, LLC, Card Compliance LLC, CardFact, Ltd., CardFact Acquisition Co., LLC, CardFact 25, Inc., Vacation Properties United, Ltd. and The Factoring Company; so all counts against those Card Services Defendants must be **DISMISSED**.[83]

---

[81]     *Id.*

[82]     This may well be why the Attorney General declined to intervene and proceed with this action on behalf of the State. (D.I. 4-6).  *See* DEL. CODE ANN. tit. 6, § 1203 (2017) (describing the Delaware Department of Justice's duties to investigate suspected DFCRA violations and discretion to intervene or to decline to proceed in a DFCRA suit brought by a private party).

[83]     The Court need not address any of the Card Services Defendant's other arguments because this action against then is dismissed in whole by derivative application of § 1206(a)'s statutory bar.

## VII.  CONCLUSION

The Motions of Defendants CVS Health Corporation, Card Compliant LLC, Card Compliance Holding Company, LLC, Card Compliance LLC, CardFact, Ltd., CardFact Acquisition Co., LLC, CardFact 25, Inc., Vacation Properties United, Ltd. and The Factoring Company seeking dismissal of all of French's *qui tam* claims are **GRANTED**—because §1206(a) bars those claims either directly or derivatively.

**IT IS SO ORDERED.**

_____
**Paul R. Wallace, Judge**