IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DANIEL M. PASKINS, JR. | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. S20C-07-043 RFS |
| | : | |
| CREATIVE CONCEPTS, INC. | : | |
| | : | |
| Defendant. | : | |

## ORDER

Submitted: 9/10/2020
Decided: 10/12/2020

Daniel M. Paskins, Jr., 36394 Harmons Lane, Rehoboth Beach, DE 19971, *Pro se* Plaintiff

Tasha Marie Stevens, Esq., 26 The Circle, P.O. Box 250, Georgetown, DE 19947, Attorney for Defendant.

## I.  INTRODUCTION

Before the Court is Daniel M. Paskin's ("Plaintiff") motion for summary judgment. For the reasons that follow, Plaintiff's motion is denied.

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff was an employee of Creative Concepts, Inc. ("Defendant") prior to being terminated in November 2016. Plaintiff alleges Defendant made a racial slur towards him during the workday, resulting in Plaintiff filing a complaint with the Department of Labor, Division of Industrial Affairs, Office of Anti-Discrimination (the "Department"). Plaintiff alleged Defendant

harassed and discharged Plaintiff based on his race. The Department found, by a preponderance of the evidence, that Defendant created a hostile work environment based on Plaintiff's race.[1]

On June 26, 2020, the Department issued a Final Determination of reasonable cause to believe that a violation has occurred and a Right to Sue Notice. The parties were required to attend conciliation; however, the parties did not come to a resolution. On July 31, 2020, Plaintiff filed his complaint in this Court seeking damages resulting from the alleged harassment and termination. Plaintiff now moves for summary judgment.

### III. DISCUSSION

Under Superior Court Civil Rule 56(c), a party is entitled to summary judgment if the moving party can show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[2] The party moving for summary judgment bears the initial burden of showing no material issues of fact are present.[3] When a moving party meets her initial burden of showing that no material issues of fact exist, the burden shifts to the nonmoving party to show that such issues do exist.[4]

To succeed on his motion, Plaintiff must show, viewing the facts in a light most favorable to Defendant, that there is no issue of material fact.[5] Plaintiff contends the doctrine of *res judicata* and collateral estoppel apply, arguing the issues have already been decided by the Department based on the Department's Final Determination and issuance of a Right to Sue notice.

---

[1] Pl.'s Compl. Ex. A.
[2] Super. Ct. Civ. R. 56(c).
[3] *Moore v. Sizemore*, 405 A.2d 679, 681 (Del. 1979).
[4] Super. Ct. Civ. R. 56(c).
[5] *Guardian Const. Co. v. Tetra Tech Richardson, Inc.*, 583 A.2d 1378, 1381 (Del. Super. Ct. 1990).

"*Res judicata* will bar a claim where the party raising the doctrine can show satisfaction of the following five-part test: (1) the original court had jurisdiction over the subject matter and the parties; (2) the parties to the original action were the same as those parties, or in privity, in the case at bar; (3) the original cause of action or the issues decided was the same as the case at bar; (4) the issues in the prior action must have been decided adversely to the appellants in the case at bar; and (5) the decree in the prior action was a final decree."[6] Plaintiff argues the final determination made by the Department is final as to Defendant's discrimination and *res judicata* bars relitigation on the underlying issues in the complaint.

Plaintiff also asserts the doctrine of collateral estoppel. "A claim will be collaterally estopped only if the same issue was presented in both cases, the issue was litigated and decided in the first case, and the determination was essential to the prior judgment."[7] "The party asserting collateral estoppel has the burden of showing that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding."[8] Plaintiff contends the issue of Defendant's conduct was already decided by the Department, and the only issue this Court must determine is a financial award.

The Court finds both doctrines raised by Plaintiff are inapplicable to the present case. A Delaware Right to Sue Notice "refers to a final acknowledgement of the charging party's exhaustion of the administrative remedies provided herein and written notification to the charging party of a corresponding right to commence a lawsuit in Superior Court."[9] This

---

[6] *Washington House Condominum Ass'n of Unit Owners v. Daystar Sills, Inc.*, 2017 WL 3412079, at *11 (Del. Super. Ct. Aug. 8, 2017) (citing *LaPoint v. AmerisourceBergen Corp.*, 970 A.2d 185, 192 (Del. 2009)).
[7] Proctor v. State, 931 A.2d 437 (Del. 2007) (citing Sanders v. Malik, 711 A.2d 32, 33–34 (Del.1998)).
[8] *Proctor v. State*, 931 A.2d 437 (Del. 2007) (citing *Dowling v. United States*, 493 U.S. 342, 350, 110 S.Ct. 668, 107 L.Ed.2d 708 (1990)).
[9] 19 *Del. C.* § 710(4).

language does not entitle the recipient of a Delaware Right to Sue Notice to a particular outcome or result in the Superior Court.[10]

In *McDonnell-Douglas Corp. v. Green*, the United State Supreme Court considered whether a finding of "no reasonable cause" would bar a plaintiff bringing a discrimination lawsuit.[11] The Court noted that court actions under Title VII are *de novo,* and the finding was not binding on the plaintiff. Relying on the Court's determination for an administrative finding of "no reasonable cause," the Court finds a finding of "reasonable cause" is equally not binding on the Defendant in this case.

The Right to Sue Notice Plaintiff received merely gives Plaintiff the right to commence a suit in this Court. The notice does not act as a determination on the material issues before this Court now. Therefore, collateral estoppel and *res judicata* would not apply in this case.

## IV. <u>CONCLUSION</u>

Considering the foregoing, Plaintiff's motion for summary judgment is **DENIED**.

**IT IS SO ORDERED.**

Richard F. Stokes, Judge

---

[10] *Taylor v. Dep't of Servs. for Children, Youth & their Families*, 224 A.3d 200 (Del. 2019).
[11] 411, U.S. 792, 799 (1973).