# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| WILLIAM TIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. N20C-12-013 FWW |
| | ) | |
| v. | ) | |
| | ) | |
| JUSTIN COLLETT, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

Submitted: September 14, 2021
Decided: September 29, 2021

*Upon Defendant's Motion to Dismiss and Motion for Summary Judgment*
**DENIED.**

## **ORDER**

Frederick S. Freibott, Esquire, Dennis A. Mason, II, Esquire, The Freibott Law Firm, 1711 East Newport Pike, P.O. Box 6168, Wilmington, DE, 19804, Attorneys for Plaintiff.

Joseph Andrews, Esquire, Taylor E. Trapp, Esquire, The Law Office of Joseph Andrews 737 South Queen Street, Suite 3, Dover, DE 19904, Attorneys for Defendant.

**WHARTON, J.**

This 29th day of September, 2021, upon consideration of Defendant Justin Collett's ("Collett") Motion to Dismiss and Motion for Summary Judgment ("Motion") and Plaintiff William Timmons' ("Timmons") Response; it appears to the Court that:

(1)     On December 2, 2020, Timmons brought this personal injury action against Collet, alleging he was bitten by Collet's dog while employed cutting Collet's grass.[1]  On August 23, 2021, Collett moved to dismiss for failure to state a claim and for summary judgment.[2]  Collett asserts Timmons previously brought the same case before the Industrial Accident Board ("IAB") and therefore is barred by the doctrines of *res judicata* and collateral estoppel from bringing this action.[3]

(2)     On September 14, 2021, Timmons responded to the motion.[4]  Timmons asserts he properly stated a claim for negligence against Collett.[5]  Further, he argues neither the doctrine of *res judicata,* nor collateral estoppel is applicable.[6]

(3)     A motion to dismiss for failure to state a claim pursuant to Superior Court Rule 12(b)(6) will not be granted if the "plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the

---

[1] Pl.'s Compl., at 1.
[2] Def's. Mot. Dismiss, at 1.
[3] *Id.*
[4] Pl.'s Resp. Mot. Dismiss, at 1.
[5] *Id.*
[6] *Id.* at 2.

2

complaint."[7] The Court's review is limited to the well-pled allegations in the complaint.[8] In ruling on a 12(b) motion, the Court "must draw all reasonable factual inferences in favor of the party opposing the motion."[9] Dismissal is warranted "only if it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[10]

(4) *Res judicata* bars a claim "where there has been a final judgment on the merits in a first suit involving the same parties, followed by a second suit based on the same cause of action."[11] In contrast, collateral estoppel "precludes a party from relitigating a fact issue that has previously been litigated and decided in a prior action involving that party."[12] In both lawsuits, the same factual issue must have been presented, litigated, and essential to the prior judgment.[13]

(5) *Res judicata* does not bar this action because this case involves different parties and different causes of action than the IAB case. Here, Timmons brings a negligence claim against Collett in his individual capacity, whereas in the IAB case he sued Collett & Sons, Inc., the corporation that employed him to cut Collett's

---

[7] *Browne v. Robb*, 583 A.2d 949, 950 (Del. 1990).
[8] *Doe v. Cahill*, 884 A.2d 451, 458 (Del. 2005).
[9] *Id.*
[10] *Id.*
[11] *Smith v. Guest*, 16 A.3d 920, 934 (Del. 2011) (citing *Bradley v. Div. of Child Support Enforcement ex rel. Patterson,* 582 A.2d 478, 480 (Del. 1990)).
[12] *Id*. (citing *Columbia Cas. Co. v. Playtex FP, Inc.,* 584 A.2d 1214, 1216 n. 4 (Del. 1991)).
[13] *Id.* (citing *Sanders v. Malik,* 711 A.2d 32, 33–34 (Del. 1998)).

3

grass. Different parties were involved in each litigation.[14] Furthermore, the cause of action in the first lawsuit involved The Workers' Compensation Act, where Timmons alleged an injury that arose out of, or occurred in the course of his employment.[15] Here, Timmons' brings a negligence claim against Collett in his individual capacity as a dog owner. Therefore, each lawsuit is based on a different cause of action.[16]

(6) Timmons is not collaterally estopped from bringing this action because his negligence suit is not based on the same factual issues as his prior worker's compensation case. A worker's compensation suit requires a showing that a personal injury occurred, arising from, or in the course of employment.[17] This complaint asserts that Collett was negligent in his ownership and control of his dog.[18] Collett's negligence as a dog owner was not presented, litigated, or essential to the prior worker's compensation judgment.[19] Therefore, Timmons claim is not barred by collateral estoppel.

---

[14] *Timmons v. Collett & Sons, Inc.*, IAB Hearing No. 1502495 (Feb. 2021), at 2.
[15] 19 *Del. C.* § 2304.
[16] *Timmons v. Collett & Sons, Inc.*, IAB Hearing No. 1502495 (Feb. 2021), at 6.
[17] 19 *Del. C.* § 2304.
[18] Pl.'s Compl., at 1-2.
[19] *See Timmons v. Collett & Sons, Inc.*, IAB Hearing No. 1502495 (Feb. 2021).

(7)    Collett's Motion also included a Motion for Summary Judgment in the caption.    No argument regarding summary judgment has been presented. Accordingly, summary judgment will not be granted.

**THEREFORE**, Defendant Justin Collett's Motion to Dismiss and Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.